DAVID HOFFMAN *et al.*, Petitioners-Appellants, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF PEORIA *et al.*, Respondents-Appellees.

Third District   No. 79-926

Opinion filed July 22, 1980.

Joseph R. Napoli, of Peoria, for appellants.

Glenn H. Collier and David L. Thomas, both of Madison & Fulton, of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Peoria County granting respondents' motion for summary judgment and denying petitioners' motion. Several police officers employed by the City of Peoria (hereinafter known collectively as Hoffman) brought a *mandamus* action against the board of fire and police commissioners, the superintendent of police, and the city council of Peoria (hereinafter collectively known as City), praying for an order to expunge all ordinances, rules and orders abolishing the rank of detective as applied to Hoffman. Cross motions for summary judgment were filed. The trial court allowed the City's motion and denied Hoffman's motion.

Prior to 1975, Hoffman had achieved the rank of detective in the Peoria Police Department through competitive examinations in compliance with applicable ordinances and regulations. In October 1975, City, who controlled testing and promotions in the police department, passed and proceeded to enforce a new ordinance abolishing the rank of

detective. The new ordinance provided that detectives would no longer be a separate rank but would be patrol officers specially assigned to detective duty. Hoffman, through the *mandamus* action, sought to preserve the rights and privileges of the rank of detective, specifically the right to be promoted to the rank of sergeant ahead of patrol officers.

The Manual of the Peoria Police Department, adopted October 1, 1972, provided that the "* * * ranks of the Peoria Police Department in descending order are as follows: Superintendent of Police, Captain of Police, Lieutenant of Police, Sergeant of Police, Detective, Patrolman." The Illinois Municipal Code of 1961 provides that promotion in police departments shall be "* * * on the basis of ascertained merit and seniority in service and examination, and * * * shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to examination." (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—15.) The Municipal Code also provides, "[e]xcept as hereinafter provided, no officer or member of the * * * police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. * * *" Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17.

In 1970, after the adoption of the Constitution of the State of Illinois, the City of Peoria became a home-rule unit (art. VII, §6(a)). As a home-rule unit, the City of Peoria can, except as limited by section 6(a) of article VI of the Constitution of the State of Illinois, "* * * exercise any power and perform any function pertaining to its government and affairs * * *."

On October 28, 1975, the Peoria City Council passed an ordinance establishing the ranks and offices of commissioned police officers of the City of Peoria. They are "* * * (1) The Superintendent of Police, (2) the ranks in descending order of Captain, Lieutenant, and Sergeant * * *; and (3) the offices of Detective and Patrol Officers * * *." The ordinance also provides that "Patrol Officers and Detectives shall be equally eligible to compete for promotion to the management and supervisory rank of Sergeant."

On appeal Hoffman argues that the applicable ordinances of the City of Peoria and the rules of its police department show a clear intent in the pre-October, 1975, ordinance to create a separate rank of detective between the ranks of patrolman and sergeant. He also argues that the provisions of State statutes prohibiting removal from rank without cause apply because that was the intent of the city council. City does not dispute Hoffman's contention, but argues that as a home-rule unit the City of Peoria may alter previously established ranks within the police department without regard to statutory strictures.

■■ On July 1, 1971, the new Constitution of the State of Illinois became effective. Article VII, section 6, of the Constitution declares that any municipality which has a population of more than 25,000 is a home-rule unit. The Illinois Supreme Court has ruled that an ordinance enacted by a home-rule unit under the grant of power in section 6(a) of article VII of the constitution supersedes a conflicting statute enacted prior to the effective date of the Constitution. (*Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 343 N.E.2d 919.) Section 10—2.1—15 of the Illinois Municipal Code of 1961 governing promotions in police departments became effective on August 10, 1965, prior to the effective date of the Constitution. (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—15.) Therefore, the October 28, 1975, personnel ordinance of the City of Peoria, a home-rule unit, establishing ranks and eligibility, supersedes the provisions of the Municipal Code. City may abolish the rank of detective and allow patrol officers as well as the former detectives to take the promotional examination for sergeant.

■■ Hoffman concedes that a home-rule unit may enact personnel ordinances which conflict with statutes, but in doing so, the units may not take away privileges of rank without compliance with the Illinois Municipal Code, section 10—2.1—17 (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17). He also argues that it was not the intent of the city council to supersede division 2.1 of the Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—1 *et seq.*) because the council specifically referred to division 2.1 in a later ordinance. We do not find Hoffman's argument persuasive for several reasons.

First, the present section 10—2.1—17, effective October 1, 1977, *is* identical to the section 10—2.1—17 effective September 22, 1969, except for matters relating to discharge of a police or fire chief. Since the section remains unchanged on matters relevant to the instant cause, we have no difficulty in declaring that the ordinance supersedes the statute. *Stryker v. Village of Oak Park.*

Second, in the event that the State wishes to exercise exclusive power on a particular home-rule matter, the General Assembly must so provide by statute. (Ill. Const. 1970, art. VII, §6(h); *Stryker v. Village of Oak Park.*) The General Assembly did not insert that provision into section 10—2.1—17 of the Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17).

Third, City has only expanded eligibility to take the promotional examination. It has not denied the former detectives the right to take the promotional examination. Flexibility in personnel matters is necessary for the efficient operation of a municipal corporation.

Fourth, adoption of a particular portion of a statute for a particular

purpose in one ordinance is not equivalent to the adoption of an entire statute for all purposes.

The foregoing reasons establish that Hoffman is not subject to division 2.1 of the Illinois Municipal Code and City need not comply with section 10—2.1—17 (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17).

City has filed a motion to strike reference in Hoffman's brief to an ordinance which was not enacted and is not pertinent to the instant cause, and to further strike Allan H. Andrews' comments as to that ordinance. Since that ordinance is not necessary to the determination of the issues herein, the references are hereby stricken.

For the reasons stated above, the judgment of the circuit court of Peoria County is hereby affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.