JAMES ALTMAN, Plaintiff-Appellant, *v.* BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF ELMHURST *et al.*, Defendants-Appellees.

Second District   No. 82—145

Opinion filed November 12, 1982.

Stanley H. Jakala, of Berwyn, for appellant.

Peter W. Ernst, of Elmhurst, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, James Altman, appeals from a decision of defendant, the Board of Fire & Police Commissioners of the City of Elmhurst (Board), suspending him from his employment with the Elmhurst police department.

Altman was charged with a violation of departmental regulations due to an incident on May 5, 1980, in which Altman allegedly placed his hand into the pants of Catherine Huebner, a civilian employee of the police department. The police chief suspended Altman without pay for five days. Altman appealed to the Board. After a hearing, the Board found Sergeant Altman did touch the bare back of Miss Huebner without her authorization and consent in violation of rules 4.22 and 4.33 of the Elmhurst police department. The Board decided, however, to reduce the suspension from five days to one day. Altman sought judicial review, and the trial court affirmed the Board's decision.

Altman appeals, contending that the variance between the charges and the proof rendered the charges inadequate to support the suspension, that the Board's decision was against the manifest weight of the evidence, and that the Board lacked authority to reduce the length of the suspension. This court will review the merits of the case despite the appellees' failure to file a brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

In a disciplinary proceeding such as this one, the agency's decision cannot be based on uncharged misconduct. (*Batley v. Kendall County Sheriff's Department Merit Com.* (1981), 99 Ill. App. 3d 622, 626.) However, charges in an administrative action need not be drawn with the same precision as pleadings in court; all that is required is that the charges be sufficiently clear and specific to enable the respondent to intelligently prepare a defense. (99 Ill. App. 3d 622, 626.) This criterion is met where the charges provide effective notice of the possible bases for the agency's decision. *Kupkowski v. Board of Fire & Police Commissioners* (1979), 71 Ill. App. 3d 316, 321.

■ The charges here were sufficient to alert Altman that he was accused of touching Huebner without her consent and to advise him of the approximate time and place of the incident. The Board's findings were based on the same incident that was charged and did not involve more serious conduct. Therefore, the charges were sufficient, even though not identical to the Board's findings. *Sudduth v. Board of Fire & Police Commissioners* (1964), 48 Ill. App. 2d 194.

Decisions of an administrative agency on questions of fact are to be upheld unless the agency's findings are against the manifest weight of the evidence. (*Washington v. Civil Service Com.* (1981), 98 Ill. App. 3d 49, 52-53.) Mere conflicts in testimony do not warrant reversal of the agency's determination. *Keen v. Police Board* (1979), 73 Ill. App. 3d 65, 71.

The evidence in this case, indicates that on May 5, 1982, while three female police department employees, Catherine Huebner, Donna Doyle and Phyllis Zygowicz, were sitting in the second floor coffee room, the plaintiff entered the room. Miss Huebner testified that the first she knew of plaintiff's presence in the room was when she felt his hand slide down the back of her pants. She explained that her blouse was slightly pulled out of her slacks and she felt his hand against her skin. She stated that after this occurred she turned to Altman and told him to keep his hands out of her pants and that he responded by telling the others present that Huebner enjoyed it.

Lieutenant Pete Smith testified concerning a statement made by James Altman shortly after the occurrence. At that time, Altman told Lieutenant Smith and Chief Monsen that when he entered the coffee room, Huebner was sitting at a table in such a manner so that her blouse was raised up to expose her back and he placed his finger on Miss Huebner's bare back.

Altman stated that he entered the coffee room, noted that Huebner's back was exposed, ran his forefinger from right to left across her back, stated, "Showing a lot of skin today, kid," and then pur-

chased a cup of coffee. At that time, Huebner responded by stating something like "Keep you hands to yourself" and he responded by stating "If I ever touch you, you would probably enjoy it." Altman further stated that he and Huebner had had problems in the past. She had worked as a service officer under his direction, and he tried to have her fired because she was incompetent. As a result, she was transferred to the front desk as a receptionist.

On rebuttal Huebner stated that when she worked as a service officer with Altman, he had not complained about her work. In fact, on several occasions Altman had put his arms around her, kissed her, and pulled her down onto his lap. This was done without encouragement. In fact, on occasion she voiced an objection. Because she was new and Altman was her superior, she was afraid to complain. Eventually Lieutenant O'Connell heard about these incidents. Lieutenant O'Connell told Miss Huebner that he had informed the chief of Altman's behavior. Huebner stated that she asked for and received a transfer from Altman's supervision.

■ On redirect Altman characterized himself as an out-going person. He admitted that on several occasions he would put an arm around his service officer and kiss her on the cheek. He also admitted that a Lieutenant Lavenka asked him to refrain from doing so. He stated that after Lavenka's request, he stopped. He admitted that Huebner was one of the women who was upset with the "hugging" and that on occasion she might have told him to stop it. Here, ample evidence, including Altman's own admission, supports the Board's factual finding that Altman touched Huebner's bare back without her consent.

■ Although the Board is not given express authority to reduce the length of a suspension by the police chief (see Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—17), such authority may be implied. The Board is empowered by statute to review the chief's decision to suspend an officer. (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—17.) The statute explicitly provides that the Board may sustain the action of the chief, reverse it with instructions that the officer receive his pay for the period involved, or may suspend the officer for an additional period of not more than 30 days or discharge him. (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—17.) The Board is not bound by the chief's decision and may make its own independent determination on the case. (See *Jones v. Civil Service Com.* (1979), 80 Ill. App. 3d 74.) Because the Board has the power to sustain, reverse, or increase the sanction, it impliedly has the authority to reduce the length of the suspension.

Therefore, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P.J., and LINDBERG, J., concur.