STEPHEN LAKIN, Plaintiff-Appellee, *v.* M. E. GORRIS, Chief of Police of Wood River, *et al.*, Defendants-Appellants.

Fifth District   No. 82—249

Opinion filed April 5, 1983.

James E. Schrempf, of Alton, for appellant M.E. Gorris.

Robert F. Quinn, of Wood River, for appellant Board of Fire & Police Commissioners of Wood River.

Thomas F. McGuire, of Long Grove, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Defendants, M. E. Gorris, chief of police of Wood River, and the Board of Fire and Police Commissioners of Wood River, appeal from the judgment of the circuit court of Madison County reversing the board's decision to affirm the three-day suspension of the plaintiff, Stephen Lakin, imposed by Gorris.

On July 26, 1980, plaintiff was suspended for three days by Gorris for violation of police department Rule 5—1.08 defining conduct constituting neglect of duty. Plaintiff appealed the suspension to the board. Hearings were held by the board on August 20, September 3 and September 4, 1980. On September 9, 1980, the board found that the evidence supported the three-day suspension. On administrative review of the decision, the circuit court of Madison County reversed, finding that although the factual findings were not contrary to the manifest weight of the evidence, the conduct did not evidence a substantial shortcoming that would justify a three-day suspension.

Defendants raise three issues on appeal. One, whether the trial court's review of an administrative board's determination upholding a

police chief's three-day suspension against an officer for neglect of duty is constitutionally permissible. Two, whether on administrative review the trial court erred by applying an incorrect legal standard in reviewing an administrative board's decision upholding a three-day suspension. Three, whether the Board's decision upholding the police chief's imposition of a three-day suspension of plaintiff is arbitrary, unreasonable and unrelated to the requirements of the service where the findings of fact made by the board are not in dispute.

Before addressing the issues raised by defendants on appeal, it is necessary to address plaintiff's argument concerning the findings made by the board.

In the board's findings, facts concerning an incident that occurred on July 10, 1980, were included, but the formal charges made by Gorris related only to a July 23, 1980, incident. Plaintiff argues that such inclusion without formal charges impairs his statutory and constitutional rights.

■ It is true that the plaintiff was not formally charged with the July 10, 1980, incident. It is also true that findings relating to July 10, 1980, were included in the board's decision. We find any error because of this inclusion to be harmless. Therefore, we will consider the suspension as relating only to the July 23, 1980, incident and will review the record accordingly.

Lakin was charged, and the evidence establishes, that on July 23, while on duty, plaintiff parked his patrol car at a remote area of the city dump, known as the "Burn Lot." Plaintiff got out of his car to urinate and then sat in the car for three to four minutes to contemplate some personal problems. Plaintiff's commander, who observed plaintiff as he sat in the parked car, noticed that plaintiff's head was laid back against the headrest and that his eyes were half-closed and his mouth open. The commander testified that plaintiff appeared to be asleep. Rule 5—1.08 of the rules and regulations of the board proscribes conduct that constitutes neglect of duty and defines "sleeping, loafing or being idle" as such conduct.

The first issue raised by defendants on appeal is that the trial court's review of the three-day suspension is "unconstitutional." In essence the defendant's contention is that once a trial court on administrative review applies the manifest weight of the evidence test and finds that the administrative agency's findings of fact were not contrary to the manifest weight of the evidence, that court cannot then review the agency's decision pertaining to cause to suspend for three days without unconstitutionally intruding upon the function of the agency.

It is true that a court on administrative review must first determine whether or not the agency's findings of fact are contrary to the manifest weight of the evidence. (See, *e.g., Hale v. Hellstrom* (1981), 101 Ill. App. 3d 1127, 428 N.E.2d 1197; *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.) We agree with the circuit court's determination that the findings of the board are not contrary to the manifest weight of the evidence. However, defendants raise a question as to the propriety of the circuit court's review of the board's decision that cause to suspend existed.

Defendants argue that the trial court on administrative review should approach the question of cause to suspend for three days as a question of fact. Thus, if the findings of fact relied upon by the board in sustaining the suspension are not contrary to the manifest weight of the evidence, the trial court on administrative review cannot substitute its judgment for that of the board on the question of cause to suspend. Additionally, defendants argue that the legislative intent apparent in the applicable statutory provision, when read together with pertinent case law, requires that a trial court on administrative review use only the manifest weight of the evidence test when reviewing a suspension of five days or less.

Plaintiff argues that the applicable statutory provision requires the question of cause in all cases to be a question of law and therefore reviewable. Plaintiff also argues that the judicial application and interpretation of the statute establishes that the question of cause to suspend is reviewable by a trial court on administrative review.

We conclude that this issue does not raise a question of constitutionality, but rather is one of statutory construction. The applicable statutory provision of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—17), provides in pertinent part:

> "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. *** The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days. If the Board of Fire and Police Commis-

sioners determines that the charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any. ***

   ***

The provisions of the 'Administrative Review Act,' approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners hereunder. The term 'administrative decision' is defined as in Section 1 of said 'Administrative Review Act.'

Nothing in this section shall be construed to prevent the chief of the fire department or the chief of the police department from suspending without pay a member of his department for a period of not more than 5 days, but he shall notify the board in writing of such suspension. Any policeman or fireman so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 24 hours after such suspension, and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than thirty days or discharge him, depending upon the facts presented."

We read the statute to permit, within the guidelines of the Administrative Review Act, judicial review of an agency's decision as to cause to suspend or discharge. We do not interpret the last paragraph of the statute to affect in any way the reviewability of the question of cause. It appears that the last paragraph was added in order to allow a chief of fire or police to suspend an officer for up to five days without authorization from the board of fire and police commissioners. However, the same review procedures are available in a five-day suspension case that are available in a discharge case. The Illinois Supreme Court decision in *Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885, did not consider the power of the circuit court on administrative review to consider the question of cause to suspend. The court did make it clear that deference will be given by the court to the decision of the administrative agency, but it implicitly decided that review of an agency's decision as to cause can be reviewed in all cases. 85 Ill. 2d 547, 551, 426 N.E.2d 885, 887.

   ■ Therefore, we hold that the statute authorized the circuit court's review of the question of cause to suspend.

Defendants next contend that the circuit court erred by applying an incorrect legal standard when reviewing the decision of the board. Defendants contend that the application, by the circuit court, of the "substantial shortcoming" test to the question of cause to suspend is error.

Defendants argue that the "substantial shortcoming" test is the appropriate legal standard used by the court to define cause for discharge and that its application should be limited to discharge cases. Defendants further argue that the seriousness of the violation or the kind of conduct involved in the case of a suspension for five days or less should not be the same as the conduct involved in a discharge case. Finally, defendants argue that the court in *Department of Mental Health* pronounced the appropriate test to be applied to an administrative agency's decision in cases involving suspension for five days or less.

Plaintiff argues that this court's decision in *Zinser v. Board of Fire & Police Commissioners* (1961), 28 Ill. App. 2d 435, 172 N.E.2d 33, is controlling on this issue and therefore, that the "substantial shortcoming" test is the proper standard in a suspension case.

"Substantial shortcoming" as defined by the courts in Illinois is that "which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position." (See, *e.g., Jenkins v. Universities Civil Service Merit Board* (1982), 106 Ill. App. 3d 215, 221, 435 N.E.2d 804; *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 389.) We agree with defendants that the application of this test should be limited to discharge cases and is not useful in determining whether a suspension was appropriate under the facts.

In *Department of Mental Health,* the Illinois Supreme Court stated:

> "We agree with the appellate court decisions finding that the question of whether cause for discharge exists should be determined by the administrative agency. We therefore hold that the agency's decision as to cause will not be reversed unless it is arbitrary, unreasonable, or unrelated to the requirements of service." (85 Ill. 2d 547, 552, 426 N.E.2d 885, 887.)

Deference is to be given to the administrative agency's determination of cause to discharge while providing for limited judicial review of that decision. This deferential policy must extend into the suspension context. Therefore, we hold that the circuit court on administrative review

erred by applying the "substantial shortcoming" test to the question of cause to suspend for three days. Further, we hold that the proper standard in reviewing cause to suspend for five days or less is the "arbitrary, unreasonable or unrelated to the requirements of the service" test announced in *Department of Public Health.*

Our decision is not inconsistent with our opinion in *Zinser.* There we held that by disobeying a proper order, a group of firemen were properly suspended for 10 days. By applying the rule in *Zinser* to the facts of the present case, a three-day suspension was warranted for the misconduct of the plaintiff. However, in light of the pronouncement made by the Illinois Supreme Court in *Department of Mental Health,* we feel that it is best to articulate the proper standard of review in accordance with that case.

The final issue raised by defendants is whether the board's decision upholding the police chief's imposition of a three-day suspension against plaintiff is arbitrary, unreasonable or unrelated to the requirements of the service where the findings of fact are not in dispute.

Defendants argue that plaintiff's actions on July 23, 1980, were intentional and in violation of the "neglect of duty" provision of the police department rules and regulations. Additionally, defendants argue that the intentional misconduct of plaintiff was sufficiently related to the requirements of the service to sustain a three-day suspension.

Plaintiff argues that any neglect or idleness that took place on July 23, 1980, lasted for such a short period of time that no serious impairment to the function of the department occurred.

As we have stated above, we believe that the "arbitrary, unreasonable or unrelated to the requirements of service" standard set forth in *Department of Mental Health* is applicable to an administrative agency's decision to suspend for five days or less. The board found that cause to suspend for three days existed because of plaintiff's actions on July 23, 1980. From our review of the record, we cannot say that the board's decision upholding the imposition of a three-day suspension against plaintiff was arbitrary, unreasonable or unrelated to the requirements of service.

For the above stated reasons, the judgment of the circuit court of Madison County is reversed and the order of the defendant board is reinstated.

Reversed.

HARRISON, P.J., and WELCH, J., concur.