PHILIP CAPPITELLI, Plaintiff-Appellant, v. BRUCE RODEWALD, Chief of the Fire Department of the Village of Arlington Heights, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 87—227

Opinion filed June 10, 1988—Rehearing denied July 19, 1988.

Bruce R. Kelsey and Joel G. Fina, both of Law Offices of Bruce R. Kelsey, of West Chicago, for appellant.

Jack M. Siegel, of Chicago, for appellees.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff Philip Cappitelli, an Arlington Heights fire lieutenant, from an order of the trial court affirming the decision of defendant Board of Fire and Police Commissioners of the Village of Arlington Heights (board). In 1984, the board suspended plaintiff for 120 days without pay because he had refused to take a physical "stress test."

On appeal, plaintiff alleges that the board did not have the power to suspend him for 120 days, the notice of hearing and charges was improper, the punishment was excessive, the board's decision is contrary to the manifest weight of the evidence, and it was error for the trial court to deny plaintiff's motion to amend his complaint.

■ First, the issue of the board's jurisdiction to suspend a fireman for 120 days must be addressed. Present State law permits a board to discharge a fireman (or police officer) for misconduct or to suspend him for a period "not exceeding 30 days without pay." (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.) Notwithstanding this express limitation of power, defendants contend that they possess authority to suspend for more than 30 days. This contention is based on an admission in one of plaintiff's pleadings and on the village's home rule power. Under the Illinois Constitution, "a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare." (Ill. Const. 1970, art. VII, §6(a).) In a number of cases, the Illinois Supreme Court has held that in personnel matters involving municipal employees, a home rule unit may enact an ordinance that conflicts with a previously enacted State statute. See, e.g., Paglini v. Police Board (1975), 61 Ill. 2d 233, 335 N.E.2d 480.

That defendant Village of Arlington Heights (village) had jurisdiction to enact an ordinance that supersedes section 10—2.1—17 of the

Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17) is indisputable. However, the ordinance enacted by the village does not conflict with the State statute. The relevant ordinance states, in part:

"Board to Make Rules. The Board of Fire and Police Commissioners shall make rules for and appointments to the Fire and Police Departments as is necessary, except insofar as said power may otherwise be reserved to the President and Board of Trustees. Said rule shall also provide for the imposition of discipline upon members of the Fire and Police Departments, including, but not limited to, suspension, demotion, reduction in rank, and discharge. Said disciplinary action shall be in accordance with the statutes of the State of Illinois except as modified by the ordinances of the Village." (Arlington Heights, Ill., Village Code §6—205(e)(3) (1984).)

Pursuant to this ordinance, the board adopted a rule allowing it to discharge, reduce in rank, or suspend an officer for a period not exceeding 120 days.

■ Since an administrative agency is a creature of statute, any power claimed by it must find its source within the provisions of the statute by which it is created. (*City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.) Additionally, an administrative agency may be vested with discretionary powers but intelligent standards must be provided to guide the agency in the exercise of that discretion. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223.) This rule precludes an administrative body from altering or adding to rules and regulations authorized by statute. (*Schalz v. McHenry County Sheriff's Department Merit Comm'n* (1986), 113 Ill. 2d 198, 497 N.E.2d 731.) Moreover, to the extent that an administrative rule conflicts with a statute, the rule is invalid. *Matthews v. Will County Department of Public Aid* (1987), 152 Ill. App. 3d 400, 504 N.E.2d 529.

Applying these settled principles to the present case, it is obvious that the board's rule authorizing a 120-day suspension conflicts with the village ordinance which sets as a standard for disciplinary action a requirement that the board act in accordance with State statutes. The relevant State statute limits suspensions to 30 days. (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.) Since the board's rule authorizing a 120-day suspension is contrary to the statute, and the home rule unit has not authorized the board to adopt disciplinary rules contrary to the statute, the rule is beyond the board's authority.

■ Defendants assert that the term in the village ordinance,

"[s]aid disciplinary action shall be in accordance with the statutes of the State of Illinois" (Arlington Heights, Ill., Village Code §6—205(e)(3) (1984)) refers only to procedural matters regarding imposition of discipline. However, the plain language of the ordinance does not express any limitations on disciplinary actions except those imposed by State statutes or village ordinances. Moreover, defendants' argument that plaintiff waived the jurisdiction issue by a judicial admission in his pleadings lacks merit. If a statute, by its terms, precludes jurisdiction, the fact that a party consents to jurisdiction does not confer subject matter jurisdiction. (*Paulik v. Village of Caseyville* (1981), 100 Ill. App. 3d 573, 427 N.E.2d 213.) Accordingly, we must reverse the trial court's affirmance of plaintiff's 120-day suspension as being beyond the board's jurisdiction.

■ Plaintiff next argues that the notice of hearing and charges was improper. We disagree. The charge stated that plaintiff knowingly and willfully disobeyed a written order from the fire chief (defendant Rodewald) commanding plaintiff to execute all necessary forms required for the taking of the stress test, and for not taking the test. Plaintiff indicated by his signature receipt of the charges. The record also indicates that plaintiff received timely notice of the hearing, which notice was attached to his copy of the charges. It is apparent that plaintiff had notice sufficient to prepare an intelligent defense to the charges. See *Altman v. Board of Fire & Police Commissioners* (1982), 110 Ill. App. 3d 282, 442 N.E.2d 305.

■ Plaintiff also contends that his 30-day suspension pending his hearing before the board on the charges was improper. He bases this argument on the fact that he was not given an opportunity to be heard prior to the prehearing suspension. However, a board rule authorizes such a prehearing suspension pending any investigation. In addition, section 10—2.1—17 of the Municipal Code provides that "[t]he board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days." (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.) This section has been judicially interpreted to mean an officer may be suspended up to 30 days pending an investigation and such suspension is separate and distinct from any suspension imposed by a board after a hearing. (*Martich v. Ellis* (1981), 100 Ill. App. 3d 1098, 427 N.E.2d 876; see *Sier v. Board of Fire & Police Commissioners* (1987), 157 Ill. App. 3d 1097, 510 N.E.2d 633.) Thus, under the board's rule and State statute, plaintiff's prehearing suspension pending investigation was proper.

■ Plaintiff's contention that the board's decision is against the manifest weight of the evidence is controverted by the record. In re-

viewing administrative decisions, a court should limit its inquiry to determining whether the findings and decision of the agency are against the manifest weight of the evidence. (*Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 498 N.E.2d 1148.) Moreover, a police board has considerable discretion in determining what constitutes cause for suspension, and its decision will not be reversed as long as its findings are related to the job requirements and are not so trivial as to be unreasonable. *Martich v. Ellis* (1981), 100 Ill. App. 3d 1098, 427 N.E.2d 876.

The evidence clearly supports defendants' assertion that the village had an established policy requiring certain categories of its personnel (*e.g.*, fire and police officers) over the age of 35 to take a biennial stress test and that such a test was relevant to the performance of a fire officer. If a person failed to meet certain standards, he would then be required to participate in a physical fitness program. Plaintiff was 41 years old and approximately 35 to 45 pounds overweight. He had taken a prior stress test without objection in February 1984 and the results were far below a national minimum standard used by the village. In September 1984, plaintiff was ordered to undergo another stress test. The evidence indicates that, as plaintiff had requested, a cardiologist would be present for the test. Plaintiff then refused to sign the necessary consent form which merely listed the possibilities of certain occurrences during the test. No waiver of plaintiff's right to sue for negligence was expressed in the statement. Under these circumstances, the evidence was clearly sufficient to support the board's decision.

■ Plaintiff further contends that his suspension was excessive. Disregarding the jurisdictional issue, we must determine the excessive issue under the standards for discharge set forth in *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 426 N.E.2d 885. (*Lakin v. Gorris* (1983), 113 Ill. App. 3d 1034, 448 N.E.2d 215.) A court is not restricted to determine whether the fact findings were contrary to the manifest weight of the evidence, but is also authorized to determine whether cause to suspend existed. (*Lakin*, 113 Ill. App. 3d 1034, 448 N.E.2d 215.) The applicable standard of review for cause to suspend is whether the decision is arbitrary, unreasonable, or unrelated to the requirements of the service. See *Department of Mental Health*, 85 Ill. 2d 547, 426 N.E.2d 885.

The evidence in this record clearly supports the board's finding of cause for suspension. All other fire fighters over age 35 were required to take the stress test. A reasonable relationship was shown to exist

between the duties of a fire officer and the periodic requirement of a stress test. Furthermore, there is no suggestion in the record that the minimal risks in taking such a test approximate the risks involved in performing as a fire fighter possibly subject to cardiovascular problems. Apparently, plaintiff's only argument concerning the excessiveness of his suspension is that he would be giving up a property right in signing the consent form, *i.e.*, his right to sue for negligence. This court has previously held that a police department may require an applicant to sign a liability release before taking a physical aptitude test. (*Radloff v. Village of West Dundee* (1986), 140 Ill. App. 3d 338, 489 N.E.2d 356.) In the present case, plaintiff needed only to sign a consent form. A waiver of his right to sue was not involved.

Accordingly, the board's finding of cause to suspend was not arbitrary, unreasonable, or unrelated to the service of fire fighter. Recognizing the deference accorded by courts to agency decisions regarding the imposition of sanctions (see *Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 438 N.E.2d 147), we do not find that the board acted unreasonably or arbitrarily in suspending plaintiff.

Lastly, plaintiff argues that the trial court erred in denying him leave to amend his complaint in order to correct an inference that the board had authority to suspend him for 120 days. This issue has been resolved by our conclusion that the board lacked jurisdiction to impose more than two 30-day suspensions.

For the above reasons, we affirm that part of the trial court's order finding that the board's findings and conclusions were not against the manifest weight of the evidence. We reverse that part of the order regarding the 120-day suspension and remand the cause to the board for appropriate action, including consideration of any back pay due plaintiff.

Affirmed in part; reversed in part and remanded.

LORENZ, P.J., and PINCHAM, J., concur.