KENDAL CHAMBERS *et al.*, Plaintiffs-Appellees, v. DAVID FLOTA *et al.*, Constituting the Board of Fire and Police Commissioners of the City of Mt. Vernon, Defendants-Appellants.

Fifth District No. 5—88—0706

Opinion filed December 4, 1989.

David R. Leggans, of Howard & Howard, of Mt. Vernon, for appellants.

Long, Rabin & Young, Ltd., of Springfield, for appellees.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

This is an appeal by defendants David Flota, A.L. Dawson and Gene Bolerjack, constituting the Board of Fire and Police Commissioners of the City of Mt. Vernon (hereinafter Board), from a judgment of the circuit court of Jefferson County reversing the Board's decision which upheld the suspension by the police chief of Mt. Vernon of three Mt. Vernon police officers, plaintiffs Kendal Chambers, Paul E. Johnson and Charles Lamont. We affirm the judgment of the circuit court reversing the decision of the Board which sustained the suspension of the plaintiffs/officers.

Officers Johnson, Lamont and Chambers were suspended by the chief of police of Mt. Vernon for two days, four days and three days, respectively, on April 20, 1987. Officer Johnson was suspended for failure to obey a direct order of a superior. Officers Lamont and Chambers were suspended for failure to obey a direct order of a superior and for failure to follow the chain of command. They appealed their suspensions to the Board of Fire and Police Commissioners, which upheld the suspensions by order dated October 26, 1987. Plaintiffs filed their complaint for administrative review in the circuit court of Jefferson County on November 16, 1987. By order dated October 28, 1988, the circuit court reversed the decision of the Board and vacated plaintiffs' suspensions.

The facts which gave rise to the suspensions are as follows. Located in the Mt. Vernon police station were a soda vending machine, a cigarette vending machine and a snack vending machine. The machines had been placed in the building at the request of the local unit of the Policeman's Benevolent and Protective Association (hereinafter PBPA). The PBPA had ordered the product for the machines, paid for them and retained the profit in a special account. Officer Lamont was president of the local unit of the PBPA, Officer Chambers was secretary of that association, and Officer Johnson was a member of the association who was charged with maintaining the cigarette machine and funds therefrom.

On March 18, 1987, the city manager of Mt. Vernon sent a memo-

randum to the chief of police asking for an accounting of all revenues and expenditures relating to the vending machines in the police station from May 1, 1986, to the present, and asking that all profits therefrom be turned over to the city finance director. The police chief forwarded the city manager's memo to Officers Mendenall and Johnson and civilian employee Betty Kryger, the individuals in the police department who were charged with maintaining the machines and accounting for the proceeds therefrom.

On March 21, 1987, Charles Lamont and Kendal Chambers sent a memorandum to the city manager asking him to reconsider his request relating to the police department vending machines. The memo was sent from PBPA Unit No. 50 and was signed by Lamont as president of that association and Chambers as secretary of that association. The memo explained that the funds from the vending machines had been used by the PBPA for donations to various charitable causes and organizations, that the machines had been operated by the PBPA since 1979 with the knowledge and approval of the city, and that the membership of the PBPA had voted that if the city did not reconsider its decision, the PBPA would ask the vending machine companies to remove the machines from the police station. This memorandum was not shown to or sent to the chief of police, nor did Officers Lamont or Chambers discuss this matter with the chief.

On April 3, 1987, Officer Lamont visited the office of the city manager to discuss the dispute over the vending machines. Officer Lamont visited the city manager while he was off duty and did not appear in uniform. In addition, all of the soda was removed from the vending machine by the PBPA.

On April 6, 1987, the police chief sent a memorandum to Officers Lamont and Chambers instructing them to refill the vending machines and to turn over all monies from the machines to the city finance director. The memo set forth the chief's belief that the chain of command had not been followed by Lamont and Chambers and that matters relating to the vending machines were police departmental administrative matters. The memo instructed the officers to comply with the city manager's requests relating to the vending machines. A similar memo was sent to Officers Mendenall and Johnson and to Betty Kryger.

Officer Johnson sent a memo to the city manager explaining that the cigarette machine and funds therefrom belonged to the PBPA and that he did not have authority from the PBPA to turn over those funds. Officer Johnson did not provide an accounting as ordered.

On April 20, 1987, the Board sent a letter to the police chief explaining that it had met regarding the dispute over the vending ma-

chines and felt that some disciplinary action should be taken against the officers involved. On that same date, the police chief suspended Officers Lamont, Chambers and Johnson. Officer Mendenall did not face suspension because he had complied with the city manager's request regarding the soda machine.

On appeal the Board upheld the chief's suspensions, finding that all of the officers had failed to comply with direct written orders of their chief, that the orders had been directed to the officers in their capacities as police officers and had come down through the chain of command, that the vending machines were located at the police station on city property, and that Officers Lamont and Chambers had failed to follow the chain of command. The Board expressly found that it could not and need not determine rightful ownership of the funds from the vending machines.

The circuit court reversed the decision of the Board as against the manifest weight of the evidence. The court found that pursuant to police department policy, an officer need not obey a direct order when to do so would require the commission of an unlawful act. The court further found that the funds from the vending machines belonged to the PBPA and that to surrender those funds to the city would "arguably violate criminal statutes relating to theft and conversion." Thus, the officers had no obligation to follow the chief's orders that they turn over funds from the vending machines. The court further found that Officers Lamont and Chambers had not violated the "chain of command" principle because the dispute over the vending machines was between the city and the PBPA and Lamont and Chambers were acting in their capacity as officers of the PBPA. The court vacated the officers' suspensions.

■ A court's review of an administrative agency's decision regarding suspension is a two-step process. First, the court must determine if the agency's findings of fact are contrary to the manifest weight of the evidence, and then it must determine if the findings of fact provide a sufficient basis for the agency's conclusion that cause for suspension does or does not exist. (*Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 426 N.E.2d 885; *Lakin v. Gorris* (1983), 113 Ill. App. 3d 1034, 448 N.E.2d 215.) In deciding if the findings of fact provide a sufficient basis for the agency's conclusion that cause for suspension does or does not exist, the test is whether the conclusion is arbitrary, unreasonable or unrelated to the requirements of the service. (*Lakin*, 113 Ill. App. 3d at 1040, 448 N.E.2d at 219.) In the instant case, we find that suspension of the officers is unrelated to the requirements of their

service as police officers.

In refusing to turn over the monies from the vending machines, the officers were acting in their capacities as officers of the PBPA and not as police officers. The officers' actions with regard to the vending machines were totally unrelated to their duties as police officers and did not affect in any way their service as police officers. Thus, the order of the chief of police that the officers turn over monies from the vending machines was not a proper order, and the officers should not have been suspended for failing to obey it. Furthermore, because Officers Lamont and Chambers were acting in their capacities as officers of the PBPA, they had no obligation to follow the chain of command with respect to the dispute over the vending machines.

We find that the Board's conclusion that cause existed to suspend these officers was arbitrary and unreasonable because it was unrelated to the requirements of their service as police officers. Accordingly, we affirm the judgment of the circuit court of Jefferson County reversing the decision of the Board of Fire and Police Commissioners of the City of Mt. Vernon and vacating the officers' suspensions.

For the foregoing reasons, the judgment of the circuit court of Jefferson County is affirmed.

Affirmed.

CHAPMAN and RARICK, JJ., concur.