CHARLES PROVENZANO, Plaintiff-Appellant, v. THE CITY OF DES PLAINES *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—92—1752

Opinion filed December 22, 1993.

Thomas F. McGuire, of Long Grove, for appellant.

Mark H. Sterk and Cynthia A. Freburg, both of Odelson & Sterk, Ltd., of Evergreen Park, for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Charles Provenzano, a captain of the City of Des Plaines fire department, appeals from the entry of summary judgment in favor of the City of Des Plaines (the City) in an action for a declaratory judgment determining whether the Illinois Municipal Code (Ill. Rev. Stat. 1991, ch. 24, par. 10—2.1—17) granted statutory authority to the City to mandatorily retire plaintiff upon his attaining the age of 65.

We affirm the order entering summary judgment and find that the employment of plaintiff and the rights of the City are governed by the provisions of the Illinois Municipal Code regulating retirement of fire department employees who are in communities that have elected to be governed by a board of fire and police commissioners. Ill. Rev. Stat. 1991, ch. 24, par. 10—2.1—17.

The facts are not in dispute. Plaintiff was 64 years old at the

time he sought this declaratory judgment, had served in the City's fire department for 38 years and was about to be mandatorily retired under the City's employment policy.

Pursuant to a special election conducted on March 8, 1935, the City approved the creation of a board of fire and police commissioners to regulate the operation of those departments of local government in accordance with section 1 of "An Act to provide for the appointment of a board of fire and police commissioners ***" (Ill. Rev. Stat. 1935, ch. 24, par. 843), now codified at section 10—2.1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1991, ch. 24, par. 10—2.1—1).

At the time of plaintiff's original employment in 1953 through the time of plaintiff's pending retirement in 1991, the mandatory retirement age designated in the statute was 65 years of age. Ill. Rev. Stat. 1953, ch. 24, par. 14—11; Ill. Rev. Stat. 1991, ch. 24, par. 10—2.1—17.

In 1970 Illinois adopted a new constitution which provided extensive home rule powers for units of local government and specifically empowered such units to exercise any power or function to the extent that the General Assembly does not limit such exercise or preempt the field of regulation. Ill. Const. 1970, art. VII, § 6(i).

By reason of its population, the City is a home rule community and possesses all of the powers and authority provided by the home rule provisions of the Constitution of 1970. Ill. Const. 1970, art. VII, § 6 (entitled "Powers of Home Rule Units").

In 1979, in the exercise of its home rule powers, the City adopted ordinance M—2—79, which was entitled "An Ordinance Amending Sections 1—15—4(B)2 and 1—15—12 of the City Code Having To Do With Mandatory Retirement By Increasing The Age To Seventy Years" and which provided:

> "Mandatory Retirement: All employees in the classified service of the City shall retire as of the first day of the month succeeding their seventieth birthday."

In 1987, to repeal the 1979 ordinance, the City adopted Ordinance M—12—87, which was entitled "An Ordinance Deleting Section 1—15—12 of Chapter 15, Title I, of the Des Plaines City Code, In Its Entirety" and which provided:

> "That Section 1—15—12 of Chapter 15, Title I of the Des Plaines City Code, pertaining to Mandatory Retirement be deleted in its entirety."

At this point, the positions of the respective parties are relatively uncomplicated. Plaintiff acknowledges that until the adoption of the 1979 ordinance raising the mandatory retirement age to 70, section 10—2.1—17 of the Illinois Municipal Code governed his employment

rights. Plaintiff suggests that the repeal of the 1979 ordinance in 1987 evidenced a desire by the City to abolish any mandatory retirement limitations so that plaintiff could continue to work as a captain of the Des Plaines fire department without any age restriction.

The City argues that the 1987 repeal, which deleted the previous 1979 ordinance in its entirety, restores the regulatory provisions of the Illinois Municipal Code rather than serving as an expression of the City that there be no mandatory retirement for firefighters.

Since 1970, the City, under its home rule powers, has had authority to adopt ordinances that differ from or conflict with State statutes regulating police and fire personnel. See *Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 343 N.E.2d 919; *Kadzielawski v. Board of Fire & Police Commissioners* (1990), 194 Ill. App. 3d 676, 551 N.E.2d 331; *Cappitelli v. Rodewald* (1988), 171 Ill. App. 3d 875, 525 N.E.2d 1037.

In *Stryker*, the municipality enacted an ordinance which conflicted with the provisions of the Illinois Municipal Code as to the composition of the police and fire board, the discharge of the police chief and other matters. The grant of home rule powers set forth in the 1970 Constitution allowed appropriate units of local government to supersede conflicting State statutes enacted prior to the effective date of the Constitution. The same rule would obtain for statutes passed after the effective date of the Constitution unless the General Assembly took appropriate action to preempt the area of regulation.

The City's 1987 effort to repeal the earlier ordinance was complete and, by its terms, expressly sought to repeal the 1979 ordinance in its entirety. Generally, the effect of repeal of an ordinance is to eliminate that ordinance as if it had never been enacted. *Naperville Police Union, Local 2233 v. City of Naperville* (1981), 97 Ill. App. 3d 153, 422 N.E.2d 869; *State National Bank v. Zoning Board of Appeals* (1979), 81 Ill. App. 3d 105, 400 N.E.2d 433.

The City could have enacted a savings clause at the time of repeal which would have had the effect of showing legislative intent that the City was making a legislative decision that henceforth its firefighters would serve without any age restrictions. Nothing in the record evinces such an intent nor is it likely that such was intended.

For more than two decades, it has been clear that there are no constitutional prohibitions restricting government from imposing reasonable age limitations on police and fire personnel. Where government has attempted to protect working people by establishing legislation limiting mandatory retirement, those legislative enactments have been clear and express and courts have not been required

to discover these rights by implication. Ill. Rev. Stat. 1991, ch. 68, par. 1—102 *et seq.* (Illinois Human Rights Act); 29 U.S.C.A. § 621 *et seq.* (1985) (Federal Age Discrimination in Employment Act); 42 U.S.C.A. § 3001 *et seq.* (1973) (Older Americans Act of 1965); see also *Johnson v. Mayor & City Council of Baltimore* (1985), 472 U.S. 353, 86 L. Ed. 2d 286, 105 S. Ct. 2717 (the Federal statute which generally requires Federal firefighters to retire at age 55 does not establish, as a matter of law, that age 55 for retirement applies to nonfederal firefighters); *Massachusetts Board of Retirement v. Murgia* (1976), 427 U.S. 307, 49 L. Ed. 2d 520, 96 S. Ct. 2562 (upheld a State statute that required State police officers to retire at age 50).

As we have previously noted, in 1935 the City elected to be regulated by a board of fire and police commissioners as provided in the predecessor to the Illinois Municipal Code (Ill. Rev. Stat. 1935, ch. 24, par. 843) and, except as changed in some respect by ordinance, continued to be governed by its provisions at the time of the 1987 repeal of the 1979 ordinance. Accordingly, upon repeal of the 1979 ordinance, the provisions of the Illinois Municipal Code were in effect and regulated the rights of the City's firefighters, including the section that set the age of retirement at 65.

Had the City not previously opted to be under that portion of the Illinois Municipal Code, plaintiff would be on firmer ground. We acknowledge that in that situation there would be no statutory framework to govern the rights of termination and section 10—2.1—17 would not be applicable to these facts. See *Hoffman v. Board of Fire & Police Commissioners* (1980), 86 Ill. App. 3d 505, 408 N.E.2d 98.

Plaintiff also argues that somehow we should be guided by either a statutory direction or a rule of construction as stated in section 3 of the Statute on Statutes (Ill. Rev. Stat. 1991, ch. 1, par. 1000 *et seq.*), which provides:

> "No act or part of an act repealed by the General Assembly shall be deemed to be revived by the repeal of the repealing act." Ill. Rev. Stat. 1991, ch. 1, par. 1102.

However, that section applies to acts of the General Assembly rather than ordinances of local government. When the Illinois General Assembly repeals an act, there is no automatic revival of an earlier repealed law. However, upon repeal of the 1979 ordinance, the State statute (*i.e.*, the Illinois Municipal Code) was still in full force and effect and no action of the city council was necessary.

The ordinance passed in 1979 merely changed the regulations with regard to mandatory retirement and did not seek to repeal the 1935 ordinance which placed the City under a board of police and fire

commissioners. Had the 1979 ordinance sought to repeal the 1935 ordinance, plaintiff's argument might be more compelling, but when the 1987 repealer was adopted, its effect was as if the 1979 ordinance had never been passed and the 1935 ordinance was in full force and effect.

At the time of oral argument, defendant raised an issue that had not previously been considered in the trial court and we gave the parties leave to file supplemental briefs. The issue presented was that the 1979 ordinance raising the age of mandatory retirement was by its terms applicable only to classified employees of the City, *i.e.*, those employees classified under the City's civil service code. Since firefighters are not included under that code but rather are under the jurisdiction of the board of fire and police commissioners, the 1979 ordinance was not applicable to the plaintiff in any event. Since we have determined this case on the issues raised below, we decline to consider this issue.

For the reasons stated, we affirm the trial court's order entering summary judgment in favor of the defendant.

Affirmed.

TULLY, P.J., and CERDA, J., concur.