(No. 46512.—

THE PEOPLE *ex rel.* ALVIA MAXWELL, Appellee, v. JAMES B. CONLISK, JR., *et al.,* Appellants.

*Opinion filed March 24, 1975.*

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Edmund Hatfield, Assistants Corporation Counsel, of counsel), for appellants.

Coghlan and Joyce, and William J. Nellis, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, who were, respectively, the superintendent of police, the comptroller and the treasurer of the city of Chicago, appealed from the judgment of the circuit court of Cook County entered upon the pleadings in plaintiff's action for *mandamus*. The appellate court affirmed (16 Ill. App. 3d 563), and we allowed defendants' petition for leave to appeal.

Plaintiff, a Chicago police officer, received written notice from the defendant superintendent which stated:

"Patrolman Alvia Maxwell *** is hereby suspended for a minimum of thirty days and pending hearing and disposition by the Police Board of charges in which his dismissal from the Department is sought for his unbecoming conduct ***."

The suspension became effective on December 12, 1970.

Written charges were filed against plaintiff, but when they came on for hearing before the Police Board the charges were withdrawn and plaintiff was reinstated to his position, effective July 12, 1971. Plaintiff served a written demand on the city for his salary from the date of his suspension on December 12, 1970, to the date of his reinstatement on July 12, 1971. Following service of the demand, plaintiff instituted this action for *mandamus*. Plaintiff was paid for the period of suspension commencing with January 11, 1971, and defendants answered the complaint for *mandamus,* stating that the suspension for the first 30 days of the period was ordered under the discretionary authority granted the defendant superintendent under section 10—1—18.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 10—1—18.1) and that plaintiff was not entitled to be paid during this 30-day period of suspension.

The circuit court entered judgment ordering the writ

of *mandamus* to issue directing that plaintiff be paid his salary for the period from December 12, 1970, to January 11, 1971, that the order suspending plaintiff be reversed, and the suspension stricken from his record.

Defendants contend here, as they did in the trial and appellate courts, that the defendant superintendent's order provided for two periods of suspension, an initial 30-day suspension which was within the discretionary authority of the superintendent and a further suspension until disposition of the charges by the Police Board. They argue that if the superintendent had intended to suspend plaintiff pending disposition by the Police Board of the charges filed against him, there would have been no need to mention 30 days. In that event, they argue, the superintendent would merely have ordered suspension until disposition of the charges before the Police Board.

This record presents no question concerning the authority of the defendant superintendent to suspend plaintiff for a period not to exceed 30 days. We note, parenthetically, that were such question presented, our decision in *Kropel v. Conlisk,* 60 Ill.2d 17, would serve to modify materially the positions taken by the parties respecting the right of the plaintiff to question the propriety of such a suspension.

Upon examination of the defendant superintendent's order we agree with the circuit and appellate courts that the suspension was for a period in excess of 30 days in that it was to continue in force and effect until disposition of the charges by the Police Board. Counsel for defendants have stated clearly and articulately what the defendant superintendent intended to order. The language chosen by him, however, does not express that intent and the ambiguity, if any exists, must be resolved against defendants.

The judgment is affirmed.

*Judgment affirmed.*