JOSEPH MARTICH, Plaintiff-Appellant, *v.* WILBUR ELLIS, Chief of Police of the Village of Matteson, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 80-2583

Opinion filed October 20, 1981.

Thomas F. McGuire, of Buffalo Grove, for appellant.

McGrane, Perozzi, Stelter, Gerardi, Brauer & Ross and Burke & Burke, Ltd., both of Chicago (John M. Burke, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Patrolman Joseph Martich, plaintiff, appeals the circuit court's affirmance of a decision of the Board of Fire and Police Commissioners of the Village of Matteson (Board), suspending him for 30 days. We affirm the circuit court. Plaintiff was disciplined for pointing an unloaded shotgun at the head of a fellow officer and pulling the trigger.

## I

The only issue of any substance raised by plaintiff is that he was improperly suspended for more than 30 days. Plaintiff was initially suspended on March 11, 1980, for 30 days without pay, pending a hearing. After the hearing, the Board issued an order on April 10, 1980, suspending plaintiff for 30 additional days without pay. Plaintiff contends that the Board only has authority to suspend him for a total of 30 days, not for 30 days pending a hearing plus 30 days after a hearing.

Resolution of this issue involves interpretation of section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17), which in pertinent part reads:

> "In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days."

■■ Plaintiff reads the words "* * * may suspend him *not exceeding* 30 days without pay," as the maximum time allowed for suspension without pay. This interpretation of the statute is contrary to both the plain meaning and the purpose of the statute. Where the intention of the legislature is clearly expressed, the plain meaning of the statute must be given effect. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 326, 410 N.E.2d 12.) We believe the statute clearly provides for two possible separate 30-day suspension periods.[1] Plaintiff's citation of *People ex rel. Maxwell v. Conlisk* (1975), 60 Ill. 2d 243, 326 N.E.2d 377, is inapposite.

## II

■■ Plaintiff claims he was deprived of a fair and impartial hearing when, in response to his request for "all written statements or summaries of same" of all witnesses to the incident, the Board provided him with typed copies of the original handwritten statements of two witnesses. Of these typed copies, one was a verbatim transcript and the other was an accurate summary. Production of statements of witnesses is required in an administrative proceeding. (*Greco v. State Police Merit Board* (1969), 105 Ill. App. 2d 186, 191-92, 245 N.E.2d 99, *appeal denied* (1969), 40 Ill. 2d 580.) The discovery provided by the Board in the instant case is clearly sufficient, especially where the record does not establish that plaintiff suffered any prejudice as a result of being denied the handwritten statements.

## III

■■ Plaintiff further argues that the Board erred in denying his request for a continuance during the hearing for witness Officer Newstat to go home and obtain his original handwritten statement. Administrative agencies are vested with broad discretion to grant or deny continuances. (See *Lindeen v. Illinois State Police Merit Board* (1962), 25 Ill. 2d 349, 351, 185 N.E.2d 206.) The Board acted within its discretion in denying the request for a continuance. As previously noted, the witness did provide a verbatim account of the handwritten statement. Even assuming it was error not to provide a continuance, we find nothing in the record to establish prejudice to plaintiff.

## IV

■■ Plaintiff contends that he was charged with violation of the wrong

---

[1] The current statute was enacted in 1965. Its predecessor, which clearly allowed two suspensions, read in part:

> "[I]n case an officer or member is found guilty, the board may remove or discharge him, or may suspend him not exceeding 10 days without pay. The board may suspend any officer pending this investigation, but not to exceed 30 days at any one time." Ill. Rev. Stat. 1961, ch. 24, par. 10—2—17.

rule.[2] The primary requirement of a charge is that it be clear and specific enough to allow the officer to prepare a defense. (*Sudduth v. Board of Fire & Police Commissioners* (1964), 48 Ill. App. 2d 194, 196, 198 N.E.2d 705, *appeal denied* (1964), 30 Ill. 2d 627.) It is not necessary that the charge be technically precise. (*Joyce v. City of Chicago* (1905), 216 Ill. 466, 471, 75 N.E. 184.) Once the charge provides adequate notice, the only issue is whether the charge establishes cause for suspension. A police board has considerable discretion in determining what constitutes cause, and its decision will not be reversed so long as its finding is related to the requirements of the service and not so trivial as to be unreasonable. (*Crowell v. Police Board* (1975), 32 Ill. App. 3d 552, 556, 336 N.E.2d 573.) The instant charge provided adequate notice of the evidence the Board intended to adduce at the hearing, and certainly established cause.

## V

■■ Plaintiff's final contention is that the finding of the Board is contrary to the manifest weight of the evidence. While there were minor conflicts in the testimony of the witnesses, the testimony was substantially consistent. A reviewing court may not judge the credibility of the witnesses. (*Albert v. Board of Fire & Police Commissioners* (1981), 99 Ill. App. 3d 688, 425 N.E.2d 1158.) The Board's finding was not contrary to the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.

---

[2] Plaintiff was charged with:
"Knowingly pointed the barrel of a Departmental issued Remington twelve (12) gauge shotgun at the back of Patrolman Michael Halpin's head, and simultaneously pulled the trigger of said weapon, in violation of Rule 12.7 of the Matteson Police Department, adopted by Resolution dated March 6, 1978, effective April 1, 1978."
Rule 12.7, entitled "Display and Discharge," states:
"Firearms shall never be displayed or drawn unnecessarily on or off duty except for inspection, clearing, range firing, or official use."