**Audrey KUVAJA**

v.

**BETHEL SAVINGS BANK et al.**

Supreme Judicial Court of Maine.

Argued June 3, 1985.

Decided July 12, 1985.

Arthur Bloomberg (orally), Bridgton, for plaintiff.

Eve H. Cimmet, (orally), Richardson, Tyler & Troubh, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

McKUSICK, Chief Justice.

Bethel Savings Bank and its insurer (hereinafter "the Employer") appeal the order of the Appellate Division of the Workers' Compensation Commission dismissing, for failure to file a brief within the required time, their appeal from a single commissioner's award of benefits to the Bank's employee, Mrs. Audrey Kuvaja. We review actions of the Appellate Division only for errors of law, and we hold that in the circumstances of this case the Appellate Division acted within the scope of its allowable discretion. Accordingly, we affirm.

 On March 29, 1983, Mrs. Kuvaja filed a petition seeking restoration of her workers' compensation benefits in connection with a 1981 work-related accident. A hearing commissioner granted her petition on January 28, 1984. After the commissioner on request made additional findings of fact and conclusions of law, the Employer appealed the commissioner's decision to the Appellate Division on May 18, 1984. On May 23, Mrs. Kuvaja filed a motion to dismiss that appeal as untimely. The Appellate Division denied that motion, and ordered, *inter alia,* that the Employer file its brief by November 9, 1984. That date passed without the Employer submitting its brief, and on November 15, 1984, Mrs. Kuvaja filed a motion to dismiss the appeal under the Workers' Compensation Commission Rule 25.5(D).[1] Prompted by that motion, the Employer on November 19 submitted its brief, accompanied by a request for enlargement of time. On November 20, 1984, the clerk of the Appellate Division denied the Employer's request.[2] The Employer then filed a motion asking the Appellate Division itself to overturn the clerk's decision and to grant an enlargement of time. In an order dated December 5, the Appellate Division denied the Employer's motion and granted Mrs. Kuvaja's pending motion to dismiss. The Employer responded by filing a motion for reconsideration on December 7, 1984, which the Appellate Division denied on December 31, 1984. On March 25, 1985, we granted the Employer's petition seeking discretionary review by this court under 39 M.R.S.A. § 103–C (Pamph.1979–1984).[3]

1. W.C.C.R. 25.5(D) provides:

 *Consequence of Failure to File Briefs.* If an appellant fails to comply with [the briefing schedule established by the Appellate Division], the Division may dismiss the appeal for want of prosecution. If an appellee fails to comply ..., he will not be heard at oral argument except by permission of the Division.

2. The clerk based her decision on W.C.C.R. 25.5(B), which provides in pertinent part:

 Motions for extension of time to file briefs must be made in writing to the Division within a reasonable time *prior to the due date of the brief,* but in any event no later than one week before said brief is due.
 (Emphasis added)

3. Mrs. Kuvaja argues that this case should not be before the Law Court, but rather should be before the Superior Court for judicial review pursuant to the provisions of the Maine Administrative Procedures Act. That argument misreads both the Administrative Procedures Act and the appeals provisions of the Workers' Compensation Act.

 The Administrative Procedures Act in 5 M.R.S.A. § 11001(1), (Supp.1984–1985) provides for judicial review of administrative decisions:

 *Except where a statute provides for direct review* or review of a pro forma judicial decree *by the Supreme Judicial Court* or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court....

 (Emphasis added) The procedure for appeal of a workers' compensation decision outlined in 39 M.R.S.A. §§ 103–A through 103–E (Phamp. 1979–1984) falls squarely within the first sentence of section 11001. The Workers' Compensation Act sets out a comprehensive scheme for Law Court review of "any decision" of the Appellate Division of the Commission. *Id.,* § 103–C(3). The Administrative Procedures Act has no

■ Our role on appeals from decisions of the Appellate Division is limited strictly to reviewing for errors of law. *See Wilner Wood Products Co. v. Moyse*, 466 A.2d 1257, 1260 (Me.1983); *see also* 39 M.R.S.A. § 103–B(2) (Pamph.1979–1984) (appeal from decision of single commissioner to Appellate Division only on questions of law); *id.*, § 103–C(1) (petition seeking discretionary review by the Law Court to set forth alleged errors of law). The Workers' Compensation Commission and its Appellate Division are components of the executive branch of Maine's government, and we accord their decisions the deference to which a co-equal branch of our state government is entitled. *See* Me. Const. art. III. In particular, we owe special respect to procedural rules adopted by executive agencies for the conduct of their own business and to their exercise of informed judgment and discretion in applying those rules. Of course, all actions of an executive agency must conform to the law; that is, the agency action must pass muster under the Federal and State Constitutions, under the applicable Maine statutes, and under the agency's own rules.

■ In the case at bar we are asked to decide whether the Appellate Division's dismissal of the Employer's appeal did pass legal muster. The Employer does not challenge the constitutionality of the procedural rule permitting dismissal for want of prosecution.[4] Neither does the Employer question that the Appellate Division has the statutory power to adopt that rule. *See* 39 M.R.S.A. § 103–A(2) (Pamph.1979–1984) ("The division shall establish uniform rules of procedure calculated to provide a prompt and inexpensive review of a decision by the commission"). The Employer's only argument is that the Appellate Division's dismissal of its appeal, permitted by the text of W.C.C.R. 25.5(D), was error on the facts of this case. We review the action of the Appellate Division to see whether, in light of all the circumstances, the Division acted beyond the scope of its allowable discretion in dismissing the Employer's appeal for failure to file its brief on time. *See Steen v. City of Los Angeles*, 31 Cal.2d 542, 547, 190 P.2d 937, 940 (1948) (abuse of discretion standard for review of administrative body's failure to dismiss). *Cf. Carter-Wallace, Inc. v. Gardner*, 417 F.2d 1086, 1095 (4th Cir.1969); *Martich v. Ellis*, 100 Ill.App.3d 1098, 1100, 56 Ill.Dec. 544, 546, 427 N.E.2d 876, 878 (1981); *First National Bank of Worland v. Financial Institutions Board*, 616 P.2d 787, 792 (Wyo.1980) (all reviews for abuse of discretion in administrative agencies' rulings on motions for continuance). *See generally* 2 F. Cooper, *State Administrative Law* 767–69 (1965).

■ The question that is critical to our review here is what limits exist upon the exercise of discretion by a coordinate branch of government in imposing a sanction for a late brief. We find nothing in the Division's own rules or in the applicable statutes bearing on that question. We are then left with deciding whether the dismissal in all the circumstances violated the Employer's right to due process under the Maine (art. I, § 6–A) and the United States (14th amendment) Constitutions. "The

---

role to play in the review of Appellate Division rulings.

There is also no merit in Mrs. Kuvaja's argument that the appeals authorized in sections 103–A through 103–E are designed to review substantive, and not procedural, decisions. The Workers' Compensation Act makes no such distinction and only provides for action by the Superior Court to enforce awards by the Appellate Division or hearing commissioners. *Id.*, § 103–E. As this court wrote in *Wilner Wood Products Co. v. Moyse*, 466 A.2d 1257, 1259 (Me.1983):

Examination of the legislative history of [the] 1981 statute creating the Appellate Division within the Workers' Compensation Commission, with thereafter only discretionary review by the Law Court, makes abundantly clear that the legislature intended that new direct review to be exclusive.

4. Identical rules govern both civil and criminal appeals to this court. *See* M.R.Civ.P. 75(c), M.R.Crim.P. 39A(c). *See also* M.R.Civ.P. 41(b)(2) (dismissal by the trial court for want of prosecution).

only restrictions [upon the Appellate Division's discretion] are those required by due process, of which the touchstone is fundamental fairness." *Ingerson v. State,* 491 A.2d 1176, 1184 (Me.1985). *See also McGautha v. California,* 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971); *Rochin v. California,* 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952). We will thus reverse the dismissal only if that sanction is fundamentally unfair in all the circumstances. Dismissal is fundamentally unfair if that sanction is grossly disproportionate to the fault of the delinquent party, and to the prejudicial effect upon the other parties and upon the processes of the Appellate Division.

■ We find this to be a close case, and we are troubled by the fact that an affirmance of the Appellate Division's dismissal means that there will never be a review of the decision of the single commissioner. *See Wescott v. Allstate Ins. Co.,* 397 A.2d 156, 163 (Me.1979) (the law favors a disposition on the merits if possible). However, consideration of all the circumstances of this case leaves us with no firm conviction that the Appellate Division went beyond the bounds of its allowable discretion. The Employer simply fails to establish that the dismissal of its appeal was fundamentally unfair.

The Employer argues that its brief to the Appellate Division, which by express Division order was due by November 9, was late by a mere ten days, and that dismissal was an unduly severe sanction for a minor tardiness. That argument misrepresents the reality of the Employer's delays. The Employer filed its appeal on May 18, 1984, and it could have prepared and had ready for submission its brief to the Appellate Division at any time after that date. More importantly, the Employer's counsel did nothing whatever to prepare its brief, or to file a motion for enlargement of time, until after the time for filing the brief had

passed and the appellee had moved to dismiss the appeal. The Appellate Division was justified in concluding that counsel had made no adequate showing of any excuse for that late filing. *Cf. Estate of Everett,* 460 A.2d 1026, 1029 (Me.1983) (citing *State v. One 1977 Blue Ford Pick-up Truck,* 447 A.2d 1226, 1281 (Me.1982) ("Where ... the neglect is that of the party charged to act, some extraordinary circumstance must be proven to justify excuse of such neglect")). The Employer had abundant time in which to prepare its brief to the Appellate Division, had actual notice of the date of the deadline for filing, and did not submit a brief until made aware of its default by Mrs. Kuvaja's motion to dismiss. The Appellate Division was justified in considering all of those facts in dismissing the Employer's appeal for want of prosecution.

In addition, the Employer did not remit to Mrs. Kuvaja the full payments ordered by the single commissioner on April 25, 1984, until *after* Mrs. Kuvaja filed her motion to dismiss in November 1984.[5] When that money was finally forthcoming, the Employer owed her $13,521.26 in back payments. The delay in prosecuting the appeal, with its continued underpayment of benefits by the Employer, adversely affected Mrs. Kuvaja, and the Appellate Division could well have viewed the delinquent payments as further evidence of the inexcusable neglect with which the Employer treated this case.

The Appellate Division is appropriately interested in the "prompt and inexpensive" prosecution of appeals from rulings of single commissioners. *See* 39 M.R.S.A. § 103-A(2). Employees are understandably concerned with the payment of benefits as ordered by the single commissioners. When the Employer without any good cause failed to submit its brief by the explicit deadline of November 9, 1984, nearly six months after it filed its appeal, and when in the same period it failed to make

---

5. Payments to an employee ordered by the single commissioner must be made during the pendency of an appeal to the Appellate Division

and during the pendency of an appeal to this court. 39 M.R.S.A. § 104-A(1) (Pamph.1979–1984).

the payments ordered by the hearing commissioner, it burdened the Appellate Division and Mrs. Kuvaja to such an extent that the Appellate Division acted within its discretion, and thus committed no error of law, when it dismissed the appeal under its rules of procedure.

The entry is:

Dismissal of appeal affirmed.

All concurring.