HENRY WILSON, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF MARKHAM *et al.*, Defendants-Appellees.—RALPH TOLBERT, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF MARKHAM *et al.*, Defendants-Appellees.

First District (5th Division)  Nos. 1—89—1074, 1—89—2743 cons.

Opinion filed November 2, 1990.

John H. Kelly, of Long Grove, for appellant Henry Wilson.

Stanley H. Jakala, of Berwyn, for appellant Ralph Tolbert.

Hutchison, Anders & Associates, P.C., of Tinley Park, for appellee Board of Fire and Police Commissioners of City of Markham.

Thomas F. McGuire, of Long Grove, for appellee Ted Clayton.

JUSTICE MURRAY delivered the opinion of the court:

After separate but related hearings before the Board of Fire and Police Commissioners of the City of Markham (Board), two City of Markham police officers, Sergeant Henry Wilson (Wilson) and patrolman Ralph Tolbert (Tolbert), were found to have violated certain police department rules and regulations in conjunction with an incident that had transpired between these two officers. Wilson was ordered suspended for 30 days from his duties as a police sergeant for the City of Markham. Tolbert was ordered discharged from the Markham police force. Both parties filed complaints for administrative review with the circuit court of Cook County, and the complaints were heard by two separate trial courts. Each trial court affirmed the actions of the Board in the case that was before it. Both parties appealed, each contending that the Board's decision was improper and against the manifest weight of the evidence. Because the cases were related, we consolidated the cases after oral argument was heard in Wilson's case.

We affirm the Board's conclusion that both officers were guilty of violating rules of conduct. However, because of the gross disparity in the sanctions levied against the two parties, we reverse the trial court's order in both cases and remand the matter to the Board for a new hearing on the issue of sanctions only.

Both of the cases on appeal stem from an incident that took place between Wilson and Tolbert, on December 7, 1988, in the Markham police department. The evidence presented to the Board indicates that when Tolbert reported for duty that morning he was confronted by Wilson prior to roll call. Wilson called Tolbert into an office to question him concerning a letter authored by a Markham alderman, which was critical of Wilson's ability as a police officer. An argument followed. Wilson claimed that "there was cursing on both sides," although Tolbert testified that only Wilson was cursing. At the close of this discussion, Wilson ordered Tolbert to leave the police station.

Rather than leave the station, Tolbert went to the squad room at

the back of the station and began typing on a sheet of paper, presumably to lodge a complaint against Wilson. Wilson entered the squad room and noticed Tolbert sitting behind the counter at a typewriter. He approached Tolbert, repeated that he was to leave the station and told him that he was suspended. Tolbert ignored Wilson's direction, so Wilson pulled the paper out of the typewriter that Tolbert was using. Tolbert grabbed for the paper and the paper tore.

What happened next is disputed. Wilson claimed that Tolbert came charging at him and that he merely grabbed Tolbert in an attempt to restrain him for his own defense. However, an eyewitness, Officer Mattie King, testified that Tolbert came around the counter that separated him from Wilson and stated, "What do you think you're doing?" At the same time he had his arms raised. Wilson then pushed Tolbert into the counter. In response, Tolbert swung at Wilson and an altercation ensued, which was later terminated by the intercession of other police officers. According to Tolbert, during the course of this altercation, he hit his head on some overhead pipes, causing him to suffer a nondepressed skull fracture.

After the incident, on December 13, 1988, Tolbert was given a five-day suspension by the Markham chief of police, Ted Clayton. In addition, Clayton filed charges against Tolbert with the Board of Fire and Police Commissioners, calling for his discharge from the Markham police force. At the same time, on December 22, 1988, Tolbert filed charges with the Board against Wilson.

Rather than consolidating the two cases for hearing, the Board first proceeded with the case against Tolbert on January 10 and 17, 1989. The Board reconvened on January 26, 1989, and, after denying Wilson's request for a continuance, heard the case against Wilson. At the close of this hearing the Board made its findings with regard to both cases, ruling that both Tolbert and Wilson were guilty of misconduct. Specifically, the Board found that Wilson was guilty of (1) conduct unbecoming an officer for yelling at Officer Tolbert and snatching a paper from the typewriter; and (2) disobedience of orders for committing a battery against Tolbert by pushing him and causing him to strike his head. Tolbert was found guilty of (1) conduct unbecoming an officer for using loud and profane language toward Wilson; (2) disobedience of orders for committing a battery against Wilson by punching and kicking him; (3) disobedience of orders for breaking a polished stone washroom partition in the course of the struggle; and (4) conduct unbecoming an officer for engaging in a verbal and physical altercation with his superior officer, Wilson.

On appeal Wilson contends that the hearing he received was un-

fair because of the Board's denial of his request for a continuance. He further claims that the determination reached by the Board, including the sanction imposed, was against the manifest weight of the evidence. Tolbert questions whether his five-day suspension barred the filing and hearing of charges for dismissal. In addition, he, too, questions whether the Board's findings and the sanction imposed were against the manifest weight of the evidence. Before addressing the correctness of the Board's findings and penalties, we shall address the preliminary matters raised by the parties.

With respect to Wilson's claim, the only unfairness that Wilson points to is the Board's refusal to postpone his hearing until such time as the Board reached a determination on the charges lodged against Tolbert and the Board's failure to provide him with a transcript of Tolbert's hearing prior to his own hearing. Wilson's position is based upon the erroneous conclusion that his own culpability was somehow contingent upon Tolbert's guilt and that the Board's denial of his motions for continuance and discovery limited his ability to adequately prepare his own defense.

We find no indication that Wilson was prejudiced by the Board's decision to deny his requests. Administrative agencies are given broad discretion to grant or deny continuances. (*Martich v. Ellis* (1981), 100 Ill. App. 3d 1098, 427 N.E.2d 876.) Absent some showing that additional evidence would have been discovered which could have affected the outcome of the hearing or the penalty imposed, we cannot say that the Board abused its broad discretion in denying Wilson's requests. As required by law (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—17), Wilson was informed of the charges against him in writing. He attended Tolbert's hearing and was fully cognizant of the circumstances surrounding the altercation which was being reviewed by the Board. Under these circumstances we find that Wilson was given the fair and impartial hearing to which he was entitled.

We note, too, that the Administrative Review Law grants the court jurisdiction to remand a cause back to the administrative agency so that additional evidence may be taken if it appears that such action is necessary and just. (Ill. Rev. Stat. 1987, ch. 110, par. 3—111(7).) Wilson has made no such request, nor does he suggest any evidence that might be forthcoming if such action were taken.

We also find no merit in Tolbert's argument that the five-day suspension imposed by the Markham police chief barred the subsequent disciplinary proceeding before the Board for the same conduct. Illinois statutory law provides that a member of a police department may be removed or discharged only for cause, upon written charges

and after an opportunity to be heard at a fair and impartial hearing, conducted by the Board of Fire and Police Commissioners. (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17.) Thus, the Board has the sole authority to discharge or to suspend without pay for a period not exceeding 30 days. At the same time, the law recognizes the power of the police chief to suspend an officer, without pay, for a period up to five days. These two powers are not mutually exclusive, unless it is evident from the record that the initial suspension was intended to be a final disposition of the matter and not merely a suspension pending a discharge hearing. *Green v. Board of Fire & Police Commissioners* (1980), 87 Ill. App. 3d 183, 408 N.E.2d 1187.

■ In this case there was sufficient evidence that the five-day suspension imposed by Chief Clayton was not intended to be a final disposition of the matter. Attached to Tolbert's order of suspension was a copy of the complaint that was soon thereafter filed with the Board. Additionally, within the order of suspension Tolbert was commanded to surrender his badge for the period of suspension or until the matter was adjudicated. These factors indicate that the five-day suspension was not intended to be the final disciplinary action in connection with the incident and, consequently, the Board was not barred from conducting the subsequent discharge hearing.

■ ■ We now consider whether the Board's findings, with respect to either Tolbert or Wilson, were against the manifest weight of the evidence. It is settled authority that the role of a court when reviewing administrative rulings is not to reweigh the evidence or judge the credibility of the witnesses. (*Keen v. Police Board* (1979), 73 Ill. App. 3d 65, 391 N.E.2d 190.) Findings and conclusions of an administrative board on questions of fact are deemed *prima facie* true and correct. (*Crittenden v. Board of Fire & Police Commissioners* (1985), 139 Ill. App. 3d 154, 487 N.E.2d 115.) The reviewing court may not disturb these findings unless they are against the manifest weight of the evidence (*Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 307 N.E.2d 371), which means that a contrary conclusion is clearly evident. (*Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 477 N.E.2d 1351.) In light of this standard, this court must affirm the trial court and the Board.

■ The fact that an altercation occurred between Tolbert and Wilson is undisputed. The only substantive dispute, on the facts of the two cases, was over the cause of the altercation, *i.e.*, whether Wilson or Tolbert provoked the incident, and whether they should be held culpable for their roles in the incident. The Board found that both Wilson and Tolbert engaged in conduct unbecoming an officer and should

be held culpable for participating in an altercation. We do not find that it was manifestly erroneous for the Board to have concluded that both parties' behavior was culpable.

As stated earlier, the Board found that Wilson displayed conduct unbecoming an officer by acting in an unprofessional and provoking manner toward Officer Tolbert by yelling and snatching a paper out of the typewriter that Tolbert was typing on. The Board also found that Wilson disobeyed orders in that he committed a battery against Tolbert by pushing him and causing him to strike his head and receive injury. The record shows that Wilson admitted "cursing" at Tolbert and pulling the paper from the typewriter. While it is true that Tolbert had been ordered to leave the station, this does not excuse Wilson's act of removing the paper from the typewriter, which surely escalated the animosity of the situation.

Wilson also admitted to grabbing and pushing Tolbert, although for the stated purpose of self-defense. However, there was some evidence to indicate that Wilson initiated the physical contact between the two men and, in any event, there was abundant evidence that they engaged in a struggle which required the intercession of other officers. This evidence adequately supports the finding that Wilson's conduct was improper and that the charges against him were sustained.

■■■ We note that Wilson challenges the Board's decision to admit into evidence Tolbert's medical report which showed that he had suffered a nondepressed skull fracture. While it is true that the report is hearsay evidence, which is not generally admissible even in administrative proceedings (*Fagiano v. Police Board* (1984), 123 Ill. App. 3d 963, 463 N.E.2d 845), the improper admission of hearsay evidence will not be deemed prejudicial error if there is sufficient competent evidence to support the administrative decision. *Cha v. City of Chicago* (1990), 194 Ill. App. 3d 213, 550 N.E.2d 1198; *La Grange Bank v. Du Page County Board of Review* (1979), 79 Ill. App. 3d 474, 398 N.E.2d 992.

■■ In this case there was sufficient competent evidence to support the Board's finding that Wilson grabbed and pushed Tolbert, thereby committing a battery. Proof that Tolbert sustained a skull fracture was not essential since battery may be proven by evidence of physical contact of an insulting or provoking nature.

■■ We also find sufficient evidence to support the Board's findings with regard to Tolbert. Clearly, there is no dispute that Tolbert engaged in an altercation with Wilson, his superior officer, and Tolbert admitted to striking and kicking Wilson during the struggle.

This was also confirmed by several witnesses who testified at the hearing. Consequently, the charges against Tolbert were sustained.

■■■ Having found the question of guilt supported by the record, we next consider whether the Board's findings provided sufficient basis for the sanctions that were imposed. (*Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 550-51, 426 N.E.2d 885.) In making this determination this court may not consider whether it would have imposed a more lenient disciplinary sentence. (*Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 438 N.E.2d 147.) Review is limited to a determination of whether the Board acted unreasonably or arbitrarily by selecting a type of discipline that was inappropriate or unrelated to the needs of the service. *Sutton v. Civil Service Comm'n*, 91 Ill. 2d 404, 438 N.E.2d 147.

■■■ In the present cases, separate trial courts reviewed the appropriateness of the sanctions imposed upon the two plaintiffs. Each court was only able to consider the appropriateness of the sanction in the matter that was before it. Neither trial court was able to consider whether the sanction was inappropriate or arbitrary when viewed in relation to the sanction imposed in the other related case. Although, we believe that neither of the Board's actions, *i.e.*, either the 30-day suspension of Wilson or the discharge of Tolbert, if viewed separately, could be considered inappropriate or arbitrary. When considering the fact that the events surrounding these cases were completely related, there appears to be a gross disparity or disproportionality between the two sanctions. For this reason we believe that a new hearing on sanctions is warranted.

We do not condone either party's conduct, nor do we mean to intimate that either party should go unpunished. We remand this case to the Markham Board of Fire and Police Commissioners for the sole purpose of determining whether alternative sanctions should be imposed against either Wilson or Tolbert, or both.

For the reasons set forth above, we affirm the trial courts' decisions in affirming the Board's findings of fact. We reverse the trial courts' orders as to the sanctions and remand the matter to the Markham Board of Fire and Police Commissioners for reconsideration of the issue of sanctions in each case.

Affirmed in part; reversed and remanded in part.

COCCIA, P.J., and GORDON, J., concur.