THOMAS B. DWORAK *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF WILMETTE *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—2350

Opinion filed June 30, 1993.

Stanley H. Jakala, of Berwyn, for appellants.

Altheimer & Gray, of Chicago (Jack M. Siegel, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiffs, police officers for the Village of Wilmette, appeal from an order which dismissed their complaint with prejudice under section 2–615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2–615). We consider: (1) whether counts I and II stated a cause of action for disparate treatment when one patrolman was selected to attend an advanced training school which allegedly prejudiced plaintiffs; and (2) whether count III stated a cause of action that the sergeants had a property interest in attending the school at the police department's expense. For the following reasons, we affirm.

Plaintiffs filed a three-count complaint against defendants seeking a declaratory judgment. Counts I and II were brought by those plaintiffs who were patrolmen for the Village of Wilmette. They alleged that the police department enacted a rule which provided:

> "Personnel holding the rank of Sergeant or higher are eligible to attend advanced management or administrative training, for the purpose of developing the skills necessary to administer a professional police department. While no 'formula' exists for selection to attend such training, the abilities, interests and needs of the employee will be balanced with present organizational needs by the Chief of Police to arrive at a selection."

Plaintiffs alleged that another patrolman, Robert LaMantia, was given preferential treatment because he was allowed to attend one of the approved schools although he was not a supervisor and, therefore, not eligible under the department's rules. Plaintiffs also alleged that the police chief admitted he made a mistake in allowing LaMantia to attend the school but he allowed LaMantia to attend regardless. Plaintiffs alleged that they were prejudiced because they were not selected to attend the school and requested that they be allowed to attend or be compensated for the tuition.

Count III was brought by two sergeants who were eligible but not selected to attend the school. They alleged that LaMantia was selected to attend the school although under the rules published at the time he was not eligible. They also alleged that the police chief admitted that LaMantia was selected by mistake. They requested that they be allowed to attend the school or be compensated for the tuition.

Defendants moved to dismiss the complaint under section 2—615 for failure to state a cause of action. After hearings, the complaint was dismissed with prejudice and plaintiffs now appeal.

OPINION

Under section 2—615, a complaint may be dismissed for failure to state a cause of action. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) In considering a motion to dismiss, the court must accept as true the well-pled facts and any reasonable inferences therefrom. (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 582 N.E.2d 108.) A cause of action should not be dismissed unless it clearly appears that no set of facts could be proven which would entitle plaintiff to recover. *Gouge*, 144 Ill. 2d 535, 582 N.E.2d 108.

■ Plaintiffs first argue that counts I and II stated a cause of action for disparate treatment because they were prejudiced when LaMantia was selected to attend the school. They concede they did not have a property interest in attending the school because they were not eligible under the rule. But they argue that because LaMantia was chosen, all the patrolmen should have been allowed to attend the school. They rely on several disciplinary cases discussing alleged disparate treatment of police officers involved in related events. (See *Launius v. Board of Fire & Police Commissioners* (1991), 211 Ill. App. 3d 545, 570 N.E.2d 532, *rev'd* (1992), 151 Ill. 2d 419, 603 N.E.2d 477; *Wilson v. Board of Fire & Police Commissioners* (1990), 205 Ill. App. 3d 984, 563 N.E.2d 941; *Basketfield v. Daniel* (1979), 71 Ill. App. 3d 877, 390 N.E.2d 492.) Those cases, however, involve administrative review of disciplinary actions and do not apply here.

Plaintiffs also argue that because the police chief admitted he made a mistake in selecting LaMantia for the school but still allowed him to attend, he did not act in good faith and his act of discretion was arbitrary, capricious, and unreasonable. Plaintiffs cite to *Charles v. Wilson* (1964), 52 Ill. App. 2d 14, 25-26, 201 N.E.2d 627, 633, which holds that the actions of a superintendent of police should not be subject to judicial review, "except to determine whether there was or was not good faith and a reasonable exercise of discretion." See also *Buege v. Lee* (1978), 56 Ill. App. 3d 793, 796, 372 N.E.2d 427, 431 ("the actions of a police chief in implementing [his] responsibilities should not, except in the most extraordinary circumstances, be subject to a continuing review or supervision by the courts").

Despite plaintiffs' argument, they did not specifically allege in counts I and II that the police chief acted in bad faith or in an arbitrary, capricious, and unreasonable manner when he selected LaMantia for the school. Further, even if that could be inferred from the allegations, the only fact that plaintiffs can rely on to support their claim of bad faith was that LaMantia was not eligible to attend the school because he was a patrolman rather than a supervisor. This fact is not sufficient to subject the police chief's decision to judicial review. Plaintiffs have not cited any authority that supports their argument that they have a cause of action against defendants under the facts alleged in this case and, as a result, the dismissal of counts I and II was proper.

■ As to count III, plaintiffs, who were sergeants, argue that they had a property interest in attending the school based on the department's rule which stated that sergeants were eligible to attend. They also argue that their property interest was confirmed when the police chief admitted he had made a mistake in selecting LaMantia, who was not a sergeant, to attend.

Plaintiffs cite to several cases to support the statement that existing rules can denote property interests. (See *Perry v. Sindermann* (1972), 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694; *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701; *Begg v. Moffitt* (N.D. Ill. 1983), 555 F. Supp. 1344; *Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 566 N.E.2d 1283.) Generally, those cases consider claims of property interests for due process purposes. As explained in *State Colleges* (408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at 2709):

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have

more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. \*\*\*

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

In this case, plaintiffs did not specifically allege in count III that they were denied a property interest in employment without due process of law when they were not selected to attend the school. Even if that could be inferred from the allegations, the facts alleged do not support a claim that they had a property interest in attending the school. They rely on the department's rule as the source of their property interest. The rule, however, merely provided that the sergeants were eligible to attend. It stated that there was no formula to determine which officers would attend and that the officers' abilities, interests, and needs would be balanced with the needs of the department in deciding who should attend. The rule, therefore, allowed a certain amount of discretion and, as a result, granted nothing more than a "unilateral expectation" rather than a "legitimate claim of entitlement" in attending the school. (*State Colleges*, 408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at 2709.) It did not confer a property interest to the sergeants.

Plaintiffs also argue that the source of their property interest was a mutually explicit understanding that only supervisors, such as sergeants, could attend the school. (See *Perry*, 408 U.S. at 601, 33 L. Ed. 2d at 580, 92 S. Ct. at 2699 (property interest can be based on "mutually explicit understandings").) As evidence of the understanding, they rely on the police chief's admission that he made a mistake in selecting LaMantia to attend the school. Regardless of whether patrolmen were eligible to attend the school, the fact that there was an alleged understanding that sergeants could attend the school does not establish that every sergeant would be selected to attend. The allegations of count III were insufficient to establish that there was a mutually explicit understanding which created a property interest. Accordingly, the dismissal of count III was also proper.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.