2 December 1999

No. 3--98--0794

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

JAMES L. HAFELE & ASSOCIATES ) Appeal from the Circuit Court

)    of the 10th Judicial Circuit

Plaintiff-Appellant,
 ) Peoria County, Illinois

)

) 

    v. ) No. 97-MR-311

) 

THE DEPARTMENT OF EMPLOYMENT ) 

SECURITY et al. ) Honorable

) Rebecca Steenrod

Defendant-Appellee. ) Judge Presiding

_________________________________________________________________

JUSTICE HOMER delivered the Opinion of the Court:

_________________________________________________________________

Plaintiff, the law firm of James L. Hafele & Associates, appeals from a judgment of the circuit court affirming the decision of the Illinois Department of Employment Security Board of Review (Board), which granted claimant Deborah Orth's claim for unemployment benefits.  On appeal, plaintiff contends that: (1) claimant was ineligible for unemployment benefits because she was discharged for misconduct connected to her work; (2) the Board should have granted plaintiff a continuance; and (3) claimant was not entitled to unemployment benefits because she 
earned income as a self-employed Amway representative.  Following our careful review, we affirm.

FACTS

The claimant, Deborah Orth, began working for the plaintiff law firm as a secretary in March of 1996, and was fired on or about March 4, 1997.  After a claims adjudicator found that claimant was eligible for unemployment benefits, plaintiff appealed.  A hearing on this appeal ensued before a referee of the Department of Employment Security.

 Shortly before the hearing, plaintiff requested a continuance because two of its witnesses, James Hafele and Melissa Madjic, were unavailable to testify on the scheduled hearing date.  Hafele was unavailable to testify because of a court date, and Madjic, plaintiff's employee, was scheduled to undergo surgery on the date of the hearing.  

The referee refused to grant a continuance for Hafele's testimony, noting that a prior court date was not an acceptable reason to delay the proceedings.  However, the referee reserved ruling on whether he would grant a continuance for Madjic's testimony, because he wanted to determine if her testimony would be relevant.

Hafele appeared at the hearing and testified that he fired claimant after she feigned an illness on March 4, 1997.  However, Hafele explained that the illness was not the sole reason for the discharge, as claimant had engaged in misconduct during the year in which she was employed.  Indeed, she improperly ordered a report and read deposition transcripts at work, mislabeled court documents, interfered with Hafele's relationship with his tenant, and occasionally restricted other employees' access to the conference room.  Further, claimant drafted and distributed an unauthorized memorandum, which purportedly came from Hafele, stating that toilet paper must be rolled over the top.  Hafele stated that he tried to talk to claimant about her misconduct, but the problem persisted and continued to harm him and his firm.   Steve Morris, plaintiff's employee, testified that he spoke with claimant about her abuse of authority, and observed claimant reading depositions at work.  Morris also stated that he was given the toilet paper memo, purportedly from Hafele, in February of 1997, and knew that the document was not drafted at Hafele's request.  

Hafele believed that the claimant feigned an illness on March 4, 1997, and testified that the claimant had feigned illness in the past and did not want an ambulance on March 4. Hafele told Morris that claimant's illness triggered the discharge, and testified that he would not have fired claimant on March 4 had she not feigned an illness.

Claimant testified that on March 5, 1997, Hafele told her she was being discharged because things were not working out and he could not handle the stress of what happened the day before, which she presumed to be her illness.  However, claimant stated that she did not feign an illness on March 4, as she was very ill with breathing problems on that day, and went to the hospital that afternoon.  She presented bills which showed that she received an EKG and two chest views on March 4, as well as a stress test and a trivial test on March 5.  Claimant stated that she was diagnosed with an inflamed esophagus.

Plaintiff also maintained that claimant earned substantial income after the discharge as an Amway distributor, and claimant admitted that she was an Amway distributor.  However, she did not know if she earned income from her work with Amway during the period of unemployment. 

At the close of the claimant's testimony, plaintiff again sought a continuance so that Madjic could testify about claimant's alleged misconduct.  The referee refused to grant such a continuance, noting that Madjic's testimony would be cumulative and not relevant to his decision.

The referee affirmed the claim adjudicator's decision, finding that claimant was eligible for unemployment benefits.  Plaintiff then appealed to the Board, which affirmed the referee's decision.  The circuit court then affirmed the Board's decision, and plaintiff again appeals.

ANALYSIS

Claimant's Alleged Misconduct

Under Section 602 of the Unemployment Insurance Act (820 ILCS 405/602(A) (West 1996)), a former employee is ineligible for unemployment benefits if he has been discharged for misconduct connected to his work.  Misconduct is defined as:

"the deliberate and wilful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit."  820 ILCS 405/602(A) (West 1996). 

In a case involving a claim for unemployment benefits, the Board's findings of fact are considered 
prima
 
facie
 true and correct, and a reviewing court's function is to determine whether the Board's findings were against the manifest weight of the evidence.  
Stovall v. Department of Employment Security
, 262 Ill. App. 3d 1098, 1102, 640 N.E.2d 299, 303 (1994).  It is well-

settled that if there is any evidence in the record that supports the Board's decision, that decision is not contrary to the manifest weight of the evidence and must be sustained on judicial review.  
Fagiano v. Police Board of the City of Chicago
, 123 Ill. App. 3d 963, 974, 463 N.E.2d 845, 853 (1984).

In the instant action, plaintiff contends that the Board failed to consider the claimant's cumulative acts of misconduct which contributed to her discharge.  For instance, plaintiff argues that the Board did not consider that the claimant improperly read deposition transcripts, ordered a report, and drafted an unauthorized memorandum while at work.  

Contrary to plaintiff's contention, the Board did not ignore the alleged acts of misconduct.  The Board reviewed testimony regarding the alleged acts of misconduct and recognized that plaintiff was unhappy with some aspects of the claimant's work.  However, the Board simply did not believe that claimant was discharged for those alleged acts of misconduct.  Instead, the Board found that "the claimant was discharged for allegedly feigning illness so she could miss work."  

The Board's decision in this regard is supported by the record.  Indeed, Hafele testified that he would not have fired claimant on March 4, 1997, if she had not feigned an illness, and he admitted that the illness triggered the discharge.

However, it appears as if the claimant's illness was not feigned, and her early departure from work on March 4, 1997, did not amount to misconduct.  Therefore, the Board's decision, that the claimant was entitled to unemployment benefits because she was discharged, not for misconduct, but for her illness, did not ignore evidence of misconduct, and was not against the manifest weight of the evidence.

II. Continuance

Plaintiff next contends that the referee erred when he failed to grant plaintiff a continuance to present the testimony of Melissa Madjic, an employee of the firm who was unable to testify at the hearing because she was undergoing surgery.  Plaintiff argues that it was prejudiced by the failure to grant a continuance because Madjic would have testified that claimant engaged in misconduct while at work. 

There is no absolute right to a continuance, and an administrative agency possesses broad discretion in determining whether to grant a continuance.  
Bickham v. Selcke
, 216 Ill. App. 3d 453, 459, 576 N.E.2d 975, 978 (1991).  Absent some showing that additional evidence would have been discovered which could have affected the outcome of the hearing, we cannot say that there has been an abuse of discretion.  
Wilson v. Board of Fire and Police Commissioners of City of Markham
, 205 Ill. App. 3d 984, 989, 563 N.E.2d 941, 944 (1990). 

In the instant action, the referee refused to grant a continuance because he found that Madjic's testimony would have been cumulative.  We do not believe that the referee abused his discretion in this regard.

According to plaintiff, Madjic would have testified that she: (1) observed claimant reading depositions; (2) saw Hafele reprimand claimant about improperly ordering a report; and (3) heard claimant mention that Hafele told her to draft a memo about toilet paper.  This testimony was cumulative.  Both Hafele and Morris testified that claimant read depositions at work, and Hafele was able to testify directly about claimant improperly ordering reports.  Lastly, claimant testified that she drafted the memo about toilet paper under Hafele's direction.  Therefore, Madjic's testimony was cumulative, and the referee did not abuse his discretion in refusing to grant plaintiff a continuance.  

III. Self-Employment Income

Plaintiff contends that claimant was not entitled to unemployment benefits because she earned income as a self-

employed Amway representative.  Plaintiff recognizes that the administrative rules provide that a person earning income from self-employment is entitled to unemployment benefits.  See 56 Ill. Admin. Code IV § 2920.5(a)(4).  However, it argues that the rules are unjustifiable, and are inconsistent with the purpose of the Unemployment Insurance Act.  

The law in Illinois is well-established that if an argument is not presented in an administrative hearing, it is waived and may not be raised for the first time on appeal.  
Lebajo v. Department of Public Aid
, 210 Ill. App. 3d 263, 268, 569 N.E.2d 70, 74 (1991).  This is particularly true where the issue is one of construction or interpretation of the statutes and rules which most directly concern the agency's operations.  
Lebajo
, 210 Ill. App. 3d at 268, 569 N.E.2d at 74. 

In the instant action, plaintiff challenges the validity of the administrative rules, but did not raise this issue during the administrative hearing or before the Board.  Thus, plaintiff has waived this issue.  

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

KOEHLER and SLATER, J.J., concur.