No. 3--05--0014

Filed April 6, 2006.

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | |
|---|---|
| LARRY E. NYKAZA, | )Appeal from the Circuit Court |
| | ) of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) Iroquois County, Illinois, |
| | ) |
| | ) |
| v. | ) |
| | ) |
| THE DEPARTMENT OF EMPLOYMENT | ) |
| SECURITY, an administrative | ) |
| agency of the State of | ) No. 04--MR--33 |
| Illinois; DIRECTOR OF THE | ) |
| DEPARTMENT OF EMPLOYMENT | ) |
| SECURITY BOARD OF REVIEW, an | ) |
| administrative agency in the | ) |
| State of Illinois; & ASPLUNDH | ) |
| TREE EXPERT CORPORATION, | ) |
| employer; | ) Honorable |
| ) Gordon L. Lustfeldt, | |
| Defendants-Appellees. | ) Judge, Presiding. |

_____

JUSTICE LYTTON delivered the opinion of the court:

_____

The plaintiff, Larry E. Nykaza, applied to the Illinois Department of Employment Security

(IDES) to recover unemployment insurance benefits. The claims adjudicator denied the claim

pursuant to section 601(A) of the Unemployment Insurance Act (Act) (820 ILCS 405/601(A) (West

2002)). Section 601(A) generally states that one is ineligible for unemployment benefits when one

leaves work voluntarily and without good cause attributable to the employer. The plaintiff's appeal

of that decision to the referee was also unsuccessful.

In his appeal to the IDES Board of Review (Board), the plaintiff attempted to raise a new argument, namely, that he was entitled to benefits under section 601(B)(2) of the Act (820 ILCS 405/601(B)(2) (West 2002)). Section 601(B)(2) provides that section 601(A) does not apply to someone who leaves work voluntarily to accept other bona fide work. The Board affirmed the denial of benefits without making reference to plaintiff's section 601(B)(2) argument. The plaintiff sought administrative review in the circuit court, which affirmed the Board's decision.

We reverse and remand with directions to order the Board to consider the plaintiff's section 601(B)(2) argument.

## FACTS

The plaintiff worked as a tree trimmer for Asplundh Tree Expert Corporation (Asplundh) for approximately 2½ years when he quit his job on February 11, 2003. He applied for unemployment insurance benefits on December 11, 2003, claiming that increased transportation distances and their associated costs caused him to quit his job. Asplundh filed a protest to the plaintiff's claim, claiming that the plaintiff voluntarily quit to start his own business.

An IDES claims adjudicator interviewed the plaintiff on December 23, 2003. The plaintiff told the claims adjudicator that he quit his job to start his own business due to increased transportation distances and their associated costs. He also said that he was self-employed from around March or April of 2003 to November 28, 2003, but that the work was seasonal and he would not be resuming it until March or April of 2004. Basing her decision on section 601(A), the claims adjudicator found that (1) the plaintiff voluntarily quit

2

to start his own business; (2) his leaving was not attributable to Asplundh; and (3) his leaving did not constitute "good cause" under section 601(A). Accordingly, the claims adjudicator denied the plaintiff's claim.

The plaintiff timely filed an appeal to a referee, stating that he was forced to quit "to try my own tree business." The referee held a telephonic hearing on January 27, 2004. The referee stated that the issue at the hearing was whether the plaintiff left his job for good cause attributable to the employer under section 601(A). The plaintiff did not raise his section 601(B)(2) claim during the hearing, and the only comment the plaintiff made that could relate to such a claim was, "I was spendin [sic] ahh like a third of my paycheck for transportation and that's why I tried my own business." In his written decision, the referee found that the plaintiff yielded to the increased transportation distances by remaining in the position for two more years. The referee affirmed the claims adjudicator's decision, stating that the plaintiff was ineligible for benefits under section 601(A).

On February 5, 2004, the plaintiff mailed a letter to the Board in which the plaintiff requested to enter evidence into his file for further appeal. The plaintiff stated that his self-employment was not discussed before the referee and that he might be eligible for benefits under section 601(B)(2). The Board received the letter on February 9, 2004.

On February 26, 2004, the plaintiff mailed a second letter to the Board in which he stated his intent to appeal the referee's decision. He also requested a transcript of the telephonic hearing. The plaintiff claimed that the increased transportation distances did constitute good cause attributable to Asplundh and that he remained in the position for two more years to save money to start his own business. Once he had enough money, he quit to start his own business. The Board received the letter on February 27, 2004.

On March 26, 2004, the Board mailed a letter to the plaintiff in which the Board acknowledged the plaintiff's transcript request. On April 5, 2004, the Board sent a second letter to the plaintiff saying, among other things, that any written arguments that the plaintiff wanted the Board to consider must be postmarked by April 26, 2004.

The Board mailed its written decision on May 19, 2004. In full, the Board's decision stated the following:

"This is an appeal by the claimant from a Referee's decision dated January 28, 2004. We have reviewed the entire record, including the claimant's application for benefits and the transcript of the Referee's hearing. We find it adequate and the further taking of evidence unnecessary. We also find, after due consideration, that the Referee's decision is supported by the record and the law. We, therefore, incorporate it as part of our decision and affirm the denial of benefits as stated therein. The employer is a party to these proceedings."

The plaintiff filed a complaint for administrative review with the circuit court. At the hearing on the complaint, plaintiff argued that he was entitled to benefits under section 601(B)(2). The court denied the plaintiff's claim.

ANALYSIS

Plaintiff argues that the agency erred when it failed to grant him benefits under the "bona fide work" exception listed in section 601(B)(2).[1]

The defendants' sole response to the plaintiff's section 601(B)(2) argument is that he waived the issue because he failed to raise it before the administrative agency.

---

[1] On appeal, the plaintiff has abandoned his section 601(A) "good cause" claim.

4

It is well-settled that if an argument is not presented in an administrative hearing, the argument is waived and may not be raised for the first time on appeal. Hafele & Associates v. Department of Employment Security, 308 Ill. App. 3d 983, 721 N.E.2d 782 (1999). The question that arises in this case is whether the plaintiff in fact raised his section 601(B)(2) argument before the administrative agency when his first request to present the argument was in his appeal to the Board. We are unaware of any Illinois precedent that establishes a standard for adequately raising an issue before the administrative agency.

The United States Court of Appeals for the Federal Circuit has held that the "standard for assessing whether an issue was adequately raised before the administrative agency is that 'the issue must be raised with sufficient specificity and clarity that the tribunal is aware that it must decide the issue, and in sufficient time that the agency can do so.' [Citation.]" Conant v. Office of Personnel Management, 255 F.3d 1371, 1375 (Fed. cir., 2001); see also Wells v. Portland Yacht Club, 771 A.2d 371, 373 (2001) ("An issue is considered raised and preserved for appeal 'if there is sufficient basis in the record to alert the court and any opposing party to the existence of that issue.' [Citation.]"); Citizens for Mount Vernon v. City of Mount Vernon, 133 Wash. 2d 861, 869, 947 P.2d 1208, 1213 (1997) ("In order for an issue to be properly raised before an administrative agency, there must be more than simply a hint or a slight reference to the issue in the record.").

In this case, the record shows that the plaintiff quit his position with Asplundh to start his own business. Asplundh's protest stated that the plaintiff voluntarily quit to start his own business. When interviewed by the claims adjudicator, the plaintiff said that he was self-employed from around March or April of 2003 to November 28, 2003, but that the work was seasonal and he would not be resuming it until March or April of 2004. The claims

adjudicator's determination indicated that the plaintiff quit to start his own business. While the plaintiff did not raise his section 601(B)(2) argument at the telephonic hearing, the plaintiff did subsequently send two letters to the Board stating that he wanted the Board to consider a section 601(B)(2) claim. These letters were sent long before the Board's cut-off date for the plaintiff to file written arguments. Based on these facts, we find that the plaintiff raised the issue with sufficient specificity and clarity that the Board was aware that it must decide the plaintiff's section 601(B)(2) argument. See Conant, 255 F.3d 1371. Because the Board is the agency's trier of fact (Horton v. Department of Employment Security, 335 Ill. App. 3d 537, 781 N.E.2d 545 (2002)), we find that the plaintiff raised the issue in sufficient time for the agency to decide it.

Finally, we note the mandatory language of section 601(B) (820 ILCS 405/601(B) (West 2002)), which states that "[t]he provisions of [section 601(A)] shall not apply to an individual who has left work voluntarily" under some excused situation, such as the "bona fide work" exception in section 601(B)(2). Under these circumstances, we decline to hold that the plaintiff waived his 601(B)(2) argument.

The judgment of the circuit court of Iroquois County is reversed, and the case is remanded with directions to order the IDES Board of Review to consider the plaintiff's section 601(B)(2) argument.

Reversed and remanded with directions.

BARRY and O'BRIEN, JJ., concurring.